Miller v. Miller.

HENRY MILLER, Appellant, v. ALVINA C. MILLER, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A notice of set-off is to be regarded as a plea, and a bill of particulars accompanying it, may be treated as a part of the record, and may be read to the jury, and commented upon, in an action between parent and child to recover for services performed.

If a child, after arriving at majority, continues, as before, to live with his parent, the presumption is, that wages are not to be paid for services performed, but this presumption may be rebutted, by proof of a contract, express or implied, or of such circumstances as will establish that wages were to be paid.

THIS cause was tried before J. M. WILSON, Judge, and a jury, at September term, 1854, of the Cook County Court of Common Pleas. Verdict and judgment for $1,200. The facts of the case, are set out in the opinion of the court.

BLACKWELL, BALLINGALL and UNDERWOOD, for Appellant.

G. GOODRICH, for Appellee.

SKINNER, J. This was an action of indebitatus assumpsit, brought in the Cook county court of common pleas, by Alvina C. Miller against Henry Miller, to recover for services rendered as a domestic servant. The defendant plead non-assumpsit, and accompanied his plea with notice of set-off, and a bill of particulars of the items thereof.

These items commence in 1839, and end in 1853, and amount to $1,083. They are for board, clothing, nursing and doctor's bills in sickness, loss of time by absence and sickness, money and sundry articles furnished plaintiff by defendant. The cause was tried by jury, and a verdict rendered for plaintiff of $1,200. Motion for new trial. Motion overruled, and judgment upon the verdict.

The evidence shows that plaintiff is a daughter of defendant by a former wife; that she is unmarried, and thirty-six years of age; that defendant had children by his second wife, some of whom are daughters; that such daughters are now grown up and married; that after she became of age, she remained at her father's, and worked in the family most of the time; that a small portion of the time, she worked for other persons, and received pay therefor; that when at her father's, she generally did the hard work about the house, cooking, washing, etc.; that her father kept a tavern a portion of the time, and that she did the principal work of the house during such time; that her half-sisters did the lighter work about the house and attended school; that her father furnished her clothing; that she ate with the

family; that she had worked for her father since she became of age, except for a short time, when she worked for others; that she (plaintiff) did the hard work of the house, and was often up late, on account of travelers stopping at the tavern; that plaintiff was a good girl to work, and that her services were worth from one and a half to two dollars per week.

The plaintiff's counsel, in his argument to the jury, read portions of the defendant's bill of particulars, and commented on the same, to which the defendant objected.

The court overruled the objection, and the defendant excepted.

The court, at the instance of the plaintiff, gave this instruction: "If the jury shall believe from the evidence, that the plaintiff was treated differently from the other girls of the family, and did the work of a servant, and was treated as a servant, these are circumstances which the jury may take into consideration in determining whether the parties expected that compensation should be made for plaintiff's services and labor in defendant's house."

The defendant excepted.

The court, at the instance of defendant, instructed the jury in substance: "That if plaintiff resided with her father, after becoming of age, and was treated as a member of his family, then the jury must be satisfied from the evidence, that at the time when the services were rendered, it was expected by both parties, that she should be paid for such services, or that the circumstances under which the services were performed were such, that such expectation was reasonable and natural; that if she lived with her father when such services were performed, as his other children did, it is incumbent on the plaintiff to prove an express hiring, or circumstances from which an express hiring may reasonably be inferred, besides the mere fact of performing the services; that the law, while the relation of parent and child exists, raises no implied contract."

The court refused the following instructions, asked for by defendant: "That the plaintiff's counsel, by stating to the jury some of the items in, and the amount of the defendant's off-set, stating to them that he inferred from such items that there was an account between the plaintiff and defendant, and that they could look to it, has thereby made the account evidence for defendant, and the jury are bound so to regard it."

The defendant excepted.

The case is brought to this court by appeal, and the question presented is, ought a new trial to have been granted?

We regard the law as substantially laid down in the instructions given on the part of the defendant below; and the instruction given on the part of the plaintiff below, assumes simply,

that if the daughter was treated differently from her half-sisters of the family, and did the work of a servant, and was treated as a servant, these are circumstances which the jury may consider in determining upon the intention of the parties, as to whether she was regarded as a child residing with her father as a member of the family, or as a servant working for pay.

All circumstances tending to show what the intention was in this respect, was proper for the consideration of the jury.

We cannot discover that the court erred in refusing the instruction of defendant, nor in refusing to stop the plaintiff's counsel from commenting upon the defendant's offset.

The notice of set-off is to be regarded as a plea, and fills the same office in pleading, except that it requires no replication; and the account, or bill of particulars, accompanying the same, should be treated as a part of the record.

The filing and setting up in defense of the plaintiff's demand, the account against her, was wholly inconsistent with the idea of the mere relation of parent and child, and was a circumstance, together with the items thereof, proper for the consideration of the jury. Some evidence in relation to the set-off was before the jury, the furnishing of clothing by defendant to the plaintiff, and the plaintiff had an undoubted right to refer to it in her argument.

And though the plaintiff might refer to the set-off in argument, and comment upon the items, as inconsistent with the existence of the relation of parent and child, and consistent with that of master and servant, she would not thereby admit the correctness of the charges made therein.

The account is presumed to have been made out by the defendant, or under his supervision, and as an *act* tending to explain the true relation of the parties, and their understanding of that relation, was proper for the consideration of the jury.

If the parties did not contemplate compensation, the account was fictitious, and this the jury were not bound to presume.

The motion for a new trial was properly overruled. We cannot say from the record, that the verdict is manifestly wrong, and in such case, especially where substantial justice appears to have been done, the verdict ought not to be disturbed.

Where one remains with a parent, or with a person standing in the relation of parent, after arriving at majority, and remains in the same apparent relation as when a minor, the presumption is, that the parties do not contemplate payment of wages for services. This presumption may be overthrown, and the reverse established, by proof of an express or implied contract, and the implied contract may be proven by facts and circumstances which show that both parties, at the time the services were per-

formed, contemplated or intended pecuniary recompense, other than such as naturally arises out of the relation of parent and child. *Williams* v. *Hutchinson*, 5 Barb. 122; *Fitch* v. *Peckham*, 16 Vt. R. 150; *Andrews and wife* v. *Foster*, 17 Vt. R. 556.

*Judgment affirmed.*