# HUGH R. MORTON, Admr.

### *v.*

## MATTHEW RAINEY.

1.   PARENT AND CHILD—*parent not bound to pay for service of child remaining at home, without express contract.*   Where a child remains with its parent after majority, and in the same apparent situation as when a minor, in the absence of a contract, no recovery can be had for services rendered.

2.   CONTRACT—*when implied, to pay for services of child remaining with family after majority.*   But where a minor of eleven years of age is taken into the family of his uncle, and remains there until he is of age, receiving his board, clothing and medical attendance from the uncle, and after he becomes of age, continues to reside with his uncle, but furnishes his own clothes and pays his own medical bills, these facts are sufficient to establish an implied contract on the part of the uncle to pay him what his services are reasonably worth.

Appeal from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.

Mr. B. B. Smith, for the appellant.

Mr. M. Shæffer, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a claim presented by Matthew Rainey against the estate of William Rainey, deceased, to recover for services rendered the deceased in his lifetime. The county court allowed appellee $350. An appeal was taken to the circuit court, where another trial was had, resulting in a judgment in favor of appellee, for $240.

The appellant, the administrator of the estate, brings the record here by appeal, and insists that the judgment was not justified by the evidence.

It appears, from the evidence contained in the record, that appellee, at the age of eleven years, was taken by the deceased, who was his uncle, into his family, and there remained, no contract having been made, until he was of age. During this time appellee labored for the deceased, and received his board, clothing and medical attendance.

After appellee became of age, he remained with the deceased for about five years; during this time, however, he furnished his own clothing, hired his washing and paid his own physician's bills. During about three months in each year he farmed some ten or twelve acres of the deceased's farm, on shares, and the rest of the time he was mainly occupied working on the farm for the deceased.

Two witnesses introduced by appellee testify that, for the nine months in each year, appellee's labor was worth from $9 to $10 dollars per month, and a third witness says it was worth from $5 to $6 per month, and the evidence of appellant tends to show the labor was worth less.

We are, however, satisfied, from all the evidence, that the amount allowed by the court was not larger than the evidence would justify.

It is, however, urged by appellant that, as no contract was proven, and as appellee remained with the deceased in the same apparent relation after he was of age as he did when a minor, the presumption arises that the parties did not contemplate the payment of wages for the services rendered.

Where a child remains with a parent after majority and in the same apparent situation as when a minor, in the absence of a contract, no recovery can be had for services rendered. *Miller* v. *Miller*, 16 Ill. 296.

But in this case the deceased was not the parent of appellee, and the rule that would ordinarily govern in a case of that kind, does not control the facts of this case.

But, conceding that the deceased occupied the relation of a parent to appellee during his minority, yet the proof clearly shows that, after appellee was of age, the relation that existed between the two previous to that time no longer existed.

While appellee, during minority, was provided by the deceased with clothing, medical attendance and all the necessaries furnished by a parent to a child, after his majority he provided his own clothing, paid for his washing, and in fact received nothing from the deceased except his board. Under such circumstances, the presumption that appellee was working as he did when a minor, is removed, and the facts are sufficient to establish an implied contract on the part of the deceased to pay appellee what his services were reasonably worth.

In our opinion, the evidence is sufficient to justify the judgment, and it will therefore be affirmed.

*Judgment affirmed.*