## JANE COOPER

### v.

## WILLIAM COOPER.

1. MINOR—SERVICE AFTER MAJORITY.—If a child remains with a parent after arriving at majority, in the same apparent situation as when a minor, in the absence of a contract, no recovery can be had for services rendered by him.

2. RESULTING TRUST.—The court, reviewing the evidence, finds that it comes far short of establishing a resulting trust, as claimed by the complainant.

3. SPECIFIC PERFORMANCE OF PAROL CONTRACT.—Before a court will decree a specific performance of a parol contract, the proof to sustain it must be clear and unequivocal. In this case the allegations of the complainant upon this point are unsupported by the testimony.

ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding. Opinion filed May 2, 1879.

Mr. WALTER REEVES and Mr. E. F. BULL, for plaintiff in error; that courts will be cautious in enforcing specific performance of a contract where there is doubt as to its existence or terms, cited Rector v. Rector, 3 Gilm. 105; Alexander v. Hoffman, 70 Ill. 114; Gosse v. Jones, 73 Ill. 508; Kimball v. Tooke, 70 Ill. 553.

The proofs do not conform to the allegations of the bill, and

this is fatal to a recovery: Cronk v. Trumble, 66 Ill. 428; Hartwell v. Black, 48 Ill. 301; Taylor v. Merrill, 55 Ill. 52.

The finding of the court is at variance with the allegations of the bill: Tiernan v. Granger, 65 Ill. 351; Gosse v. Jones, 73 Ill. 508.

A clear preponderance of evidence must be had before a specific performance will be decreed: Fleischman v. Moore, 79 Ill. 539; Carver v. Lasater, 36 Ill. 182; Brink v. Steadman, 70 Ill. 241; Lantry v. Lantry, 51 Ill. 458; Wilmer v. Farris, 40 Iowa, 309.

Upon the question of a minor's right to pay for services after majority: Freeman v. Freeman, 65 Ill. 106; Miller v. Miller, 16 Ill. 296.

Mr. D. P. Jones, for defendant in error; that a parol promise by a father to son to deed land to him, where the son enters into possession and makes improvements on the faith of such promise, will be enforced: Bright v. Bright, 41 Ill. 97.

The earnings of a child during minority, after he has been emancipated, are his own: Partridge v. Arnold, 73 Ill. 600; Scott v. White, 71 Ill. 287; Holmes v. Holmes, 44 Ill. 168.

Sibley, J.   The bill in this case was filed in 1876, and from that it is made to appear that Jane Cooper, the plaintiff in error, resided with her husband in New Hampshire until his death, which took place about 1855.   Soon after that occurrence, she, with her eight children, removed to and settled in the county of LaSalle, in this State, where she purchased a small farm of eighty acres, using for that purpose some moneys which she had received from her husband's estate.   William, the complainant in this suit, was then a lad of some eleven years old.   He, soon after the arrival of the family, went to work for a neighbor, and his mother collected his wages for nearly three years.   On returning home, he remained until 1862, when he entered the army of the United States.   He continued in the military service about three years.   During that period he sent home to his mother various sums of money, which it is alleged she loaned out for his benefit.   After returning from the army in

1865, he resided with his mother, and worked for her nearly two years, and his services during that time were worth $293 for which he had never received any payment.

The bill further states, that in the latter part of the year 1865, an agreement was entered into between him and his brothers, John and Edward, to purchase of one Cushman, for their common benefit, two hundred and forty acres of land, situated in LaSalle county, each to pay a portion of the purchase money.

Under this arrangement the land was bought for $4,412.20, in the name of their mother, Jane, but for the use of the complainant and his two brothers, John and Edward. The money which the complainant earned while in the army and sent to his mother, was used in part payment of the purchase price for the land, and the remainder was afterwards paid to Cushman by his brothers, John and Edward, though the deed was executed to Jane Cooper without the knowledge of the complainant, and she paid no part of the consideration money. Afterward, in July, 1867, it was mutually agreed between the complainant, his mother and brothers, John and Edward, that a division or partition should be made of the land purchased from Cushman, in the following manner:

The west eighty acres was allotted to John; the east eighty to Edward; and the middle eighty to the complainant. It was further agreed by the parties, that Jane Cooper should execute a deed to the complainant for his eighty acres thus set off to him, and that he was to pay her the sum of five hundred dollars as soon as he could. In the early part of 1868, complainant, with the consent of the other defendants, took possession of the portion allotted to him, and made valuable improvements upon it, which possession has been continued to the present time. The complainant alleges that he has tendered to his mother the $500, and she refused to make him a deed for the eighty acres, as agreed upon by the parties in interest.

A default was taken as to defendants, John and Edward Cooper, but Mrs. Jane Cooper answered, denying all the material allegations in the bill. Upon the proofs coming in with the master's report, the court decreed the relief sought, and Jane

Cooper has brought the case to this court on error, seeking a reversal of that decree. The defendant in error, to sustain the decree, bases his argument chiefly upon two grounds, which are the only ones of importance enough to justify any attention. First. That the money of these three sons was used in purchasing the land, and therefore a resulting trust was created in their favor. Second. Mrs. Cooper agreed with the complainant to convey to him the eighty acres claimed in the bill, and he entered into the possession of it under the contract, and made valuable improvements, which entitled him to a specific performance of the agreement. The proof to sustain the first position, consists mainly in the testimony of the complainant. He, upon his second examination testifies that a part of the money furnished to purchase the land belonged to him, a part to his brothers, and a part he supposed belonged to his mother. The portion that he furnished was estimated at $800. How he makes up that amount is not explained. It is true, he says that he sent home from the army some $700, and that his mother collected his wages earned before entering the service. Still he does not seem to know whether this money or any considerable portion of it was used in the purchase of these lands, and it must be borne in mind, that he was an infant under the age of twenty-one years, until long after he entered the army. During that period his mother was entitled to his earnings, and may for anything that appears, have appropriated them to the support of herself and family. Such is not only the law, but it was held in Miller v. Miller, 16 Ill. 296, Morton, Adm'r v. Rainey, 82 Ill. 215, and many other cases, "that if a child remained with a parent after majority in the same apparent situation as when a minor, in the absence of a contract, no recovery can be had for services rendered." This disposes of the question relative to the services claimed by the complainant to have been rendered by him for his mother after his return from the war, while a member of her family. Since there is no pretense that she agreed to pay him wages, or that he was employed under such circumstances as a promise could be implied.

Counsel assert that a child after he has been emancipated by his parents, is entitled to his own earnings. This proposition is

not disputed. But as the record here is silent upon that subject, it must be presumed that the natural relation of mother and son continued to exist during his minority, and even afterward as long as he remained a member of her family.

All the material allegations of the complainant upon which he founds his claim for relief, are positively denied by his brothers, John and Edward Cooper. They both swear that William did not send home to his mother more than about $400; and that Jane Cooper purchased these lands of Cushman, and paid for them out of her own means. Mrs. Cooper also testified to the same effect, and that she never received from the complainant more than $100 after he became of age. If this statement was not true, how easy it would have been for him to contradict it. On the contrary, he does not mention his age when he entered the army, or when he returned home.

The whole testimony, when taken together, comes far short of clearly establishing a resulting trust in favor of the complainant for the eighty acres claimed in the bill. In examining the testimony, the admission of Jane Cooper in respect to the fact that the land was purchased for her sons, and that she had loaned money, calling it Williams', which was very natural for her to do, notwithstanding she was really entitled to his earnings (except the bounty reward as a soldier), if she chose to claim them, have not been overlooked.

Second. Was the testimony sufficient to justify the court in decreeing a specific performance of the parol agreement stated in the bill? The contract is alleged to have been made July, 1867, mutually between the complainant and the defendants, Jane, John and Edward Cooper, by which the premises purchased of Cushman were to be divided so that John was to get the west eighty acres, Edward the east eighty, and the complainant the middle eighty. Jane was to convey to the complainant his eighty acres, and he to pay her for the conveyance $500 as soon as he could procure the money.

Although the statute of frauds may not have been set up in the answer, and relied upon, which would, it is believed, have been fatal to the complainant's right of recovery, yet the

Cooper v. Cooper.

authorities are all to the effect that, before the court will decree a specific performance of a parol contract, the proof to sustain it must be clear and unequivocal.   It is said that a parol promise by a father to his son, to convey land, if the son enters into possession under the agreement, relying upon the faith of it, makes valuable improvements, equity will enforce the contract.   And the case of Bright et al. v. Bright, 41 Ill. 100, is referred to as sustaining the position.   But it should be recollected there is no evidence in this case that the complainant did enter into the possession of the premises, under the agreement stated, relying upon the faith of it, and made valuable improvements, which is one of the necessary requisites to enable the court to exercise its equitable powers.   Indeed, the weight of evidence is that he never had possession of the whole eighty claimed by him.

From the complainant's testimony it would seem that he took possession under claim of ownership, by virtue of the purchase from Cushman.   Mrs. Cooper's evidence is that he went into possession as her tenant, and never paid any rent, except two or three years' taxes, because he would not, and she did not turn him out for the reason he was her son.   If he had been let into possession as a purchaser, that of itself would have been a sufficient answer to the claim for rent.   But neither of them treat the possession as having been obtained by virtue of, and under any agreement on the part of Jane Cooper to convey the land to the complainant.

But leaving out the question of the statute of frauds, should the almost unsupported testimony of the complainant be allowed to prevail over that of his mother, corroborated by her two sons, John and Edward, with such convincing force as to remove any reasonable apprehension that might arise respecting its accuracy ?   We feel constrained to give a negative answer to the question.   Therefore, the decree of the Circuit Court will be reversed, and the cause remanded.

Decree reversed.

Leland, J., having decided this case in the court below, took no part in the decision of it here.