Schwachtgen v. Schwachtgen.

## John Schwachtgen v. Nicholas J. Schwachtgen, Executor.

1.  PRESUMPTIONS—*Where a Minor Continues to Reside with his Parents after his Majority.*—If a person after arriving at his majority continues to live in the family of the father as a member thereof, the legal presumption is that the payment of wages to him for his services is not contemplated.

2.  EVIDENCE—*Proof of Verbal Admissions.*—Proof of verbal admissions is competent evidence, but is to be received with great caution as subject to much imperfection and mistake, the party either not having clearly expressed himself, or the witness having misunderstood him.

3.  VERDICTS—*Upon Competent Evidence—Who Can Not Object.*—Upon the trial of a claim against the estate of a deceased person, the claimant introduced a will executed by the deceased father, but afterward revoked, from which it appeared he directed the claimant should receive out of his estate the sum of $500, in addition to an equal share with the other children of the deceased; *it was held* that the admission of the will was error, but the claimant could not object.

**Claim in Probate.**—Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

### STATEMENT OF THE CASE.

The appellant, John Schwachtgen, filed a claim against the estate of Nicholas Schwachtgen, his deceased father, for wages for labor performed, as he alleged, for the father from March, 1862, to February, 1874, to the amount of $2,586, and

for the value of a house belonging to the claimant which in 1860 or 1861, was moved upon a lot belonging to the decedent, and appropriated by the deceased, the house being valued by the claimant at $500.

Judgment in favor of the claimant in the sum of $1,825 was awarded in the County Court, and the executor of the estate prosecuted an appeal to the Circuit Court, where, upon a hearing before a jury, a verdict in the sum of $500 was rendered for the claimant. The court rendered judgment upon the verdict and the claimant, John Schwachtgen, appealed to this court.

MILLS BROTHERS, attorneys for appellant.

CREA, EWING & WALKER, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant after arriving at his majority continued to live in the family of the father, and as a member, thereof until 1874.

It was during this period the services were rendered for which the wages in question are sought to be recovered.

The legal presumption is, payment of wages was not contemplated. Miller v. Miller, 16 Ill. 296.

To overcome this presumption the appellant undertook to establish an express contract for the payment of wages to become due and payable only at the death of the father, and for payment of the value of the house at some time. The conditions of the alleged contract fixing the time of payment, it will be observed, would also avail to remove the claim from the operation of the statute of limitations, which the executor invoked in defense to the demand.

It was well proven the appellant rendered services to the father, and that the reasonable value thereof greatly exceeded the amount awarded him by the verdict and judgment, and also that a house belonging to the appellant was, in 1861 or 1862, moved upon a lot owned by the father, and that the father sold the lot and house and retained the proceeds.

The appellant insists a contract for the payment of wages and for the value of the house was established by the manifest weight of the evidence and urges the Circuit Court should have set aside the verdict and granted a new trial because the amount allowed him was wholly inadequate under the proofs.

The testimony relied upon to prove the contract consisted of the proof of statements alleged to have been made by the father to a number of witnesses.

Two such witnesses, House and Mank, testified to admissions which would have warranted the jury in finding the contract was made as claimed.

The statements testified to by the other witnesses, had little if any tendency to establish a contract, but were only to the effect the appellant would receive compensation for his labor after the death of his father by reason of the increase in value of the estate in which the appellant would share as an heir.

Proof of verbal admissions is competent evidence, but Mr. Greanleaf in his work on Evidence, Sec. 200, says: " Proof to be received with great caution; it is subject to much imperfection and mistake—the party either not having clearly expressed himself or the witness having misunderstood him."

" It frequently happens that the witness, by unintentionally allowing a few of the expressions really used, gives an effect to the statement entirely at variance with what the party actually did say."

It is matter of common experience we are frequently wholly misunderstood by those with whom we have conversed and that we frequently misunderstand the conversation and meaning of others.

In the case at bar there were reasons not ordinarily existing for giving little weight to the alleged admissions of the father to the witnesses House and Mank. He was a German, usually spoke the German language, and could scarcely speak English words intelligibly.

House was not a German, and he testified that the appel-

lant's father in the conversation alluded to used a few German words, but chiefly spoke the English language, and that Manks was present and heard the conversation on two occasions.

Manks testified the conversations were in German, or principally in that tongue, and attempted to repeat to the jury the German words used by the deceased.

A number of witnesses testified Manks told them he was not able to converse freely with the deceased or. to fully understand his language—"that the old man's Dutch or German was such he could not understand it."

If verbal admissions made under ordinary and favorable circumstances are so subject to imperfection and mistake as that they should be considered and acted upon with great caution, surely it is not matter of surprise the jury should have refused to give credence to and be controlled by proof of admissions made under conditions extremely favorable to the production of error, misunderstanding and mistake.

Counsel for appellant, however, insist the verdict is irreconcilable with any other theory than that the jury regarded the contract as established by the evidence—otherwise the verdict, they argue, must necessarily have been for the executor, and adverse *in toto* to the appellant.

The suggestion is here pertinent, the verdict is wholly incompatible with the theory the jury regarded a contract proven, for the amount allowed by the verdict is without relation to or connection with the testimony as to the compensation to which the appellant should be entitled under the terms and conditions of the contract.    We think the jury were led to the verdict which they returned by other considerations than that of contract obligation on part of the deceased to pay the claim of the appellant.

The appellant offered in evidence and the court permitted him to introduce a will executed by the deceased father, but afterward revoked, from which it appeared the father directed the appellant should receive out of his estate the sum of $500, in addition to an equal share with the other children of the deceased.

We think this will should not have been admitted, but it was, and at the instance of the appellant.

We have no doubt the jury regarded the provision that the appellant should receive $500 more than a "child's share," as an admission of the father that the appellant was rightfully entitled to that sum out of the estate as compensation for his labor and services and that they were thereby moved to award him a verdict for that amount.

The appellees do not complain of the action of the jury, and the appellant having produced the evidence upon which we think the action was based can not be heard to object. Upon the abstract justice of the matter the appellant appears rightfully entitled at least to the amount awarded by the verdict, and a careful consideration of the best interests of all concerned has brought us to the opinion the judgment should be affirmed and litigation ended. Judgment affirmed.