### Michael Wall and Alice Wall v. James Wall.

1. PARENT AND CHILD—*Presumptions as to Services Rendered.*— If a child, after arriving at his majority, lives with his parents as before, the law will imply that the relation of parent and child exists, in the absence of circumstances to show to the contrary, and that what was done for each other by the parties created no obligation of indebtedness upon either party.

2. INSTRUCTIONS—*Accuracy Required In Close Cases.*—The fact that the law is stated correctly in some of the instructions will not cure material defects in others, in a close case.

Assumpsit, for services as a farm laborer. Error to the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

C. M. Peirce, attorney for Alice Wall, plaintiff in error.

H. S. Dooley, attorney for Michael Wall, plaintiff in error.

Rowell, Neville & Lindley and E. E. Donnelly, attorneys for defendant in error.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

Plaintiffs in error are the parents of defendant in error.

The latter obtained judgment against the former for wages as a farm laborer.

He was unmarried, and though not a minor during the time for which he was awarded a judgment for wages, the relation and actions of the parties were such the law, in the absence of an express agreement, would imply the relation of parent and child existed, and that what was done for each other by the parties created no obligation of indebtedness upon either party. Miller v. Miller, 16 Ill. 296; Brush v. Blanchard, 18 Id. 46; Faloon v. McIntyre, 118 Id. 292.

As tending to show a contract, the contents of a letter addressed to the defendant in error and by him lost was admitted in evidence. It was written by a sister to defendant in error, who was then in Missouri, but in our opinion it did not sufficiently appear from the evidence it was written at the direction or authority of the parents. Moreover, the proof of its contents were vague and uncertain. Altogether, we think this testimony should have been excluded.

He came home and lived upon a farm with his parents and with his brother and sisters, performed farm labor at the request of the parents and was supported and clothed in a manner scarcely distinguishable from that which prevailed prior to his majority.

There was some proof tending to show an intention upon the part of the parents that he should be recompensed, and

Wall v. Wall.

defendant in error contends circumstances were proven from which an express contract should be inferred.

But considered altogether, the evidence was conflicting and close, and left the issue involved in doubt.

The first instruction given in behalf of the defendant in error was as follows:

" If the jury believe from the evidence, that the plaintiff performed labor and services for the defendants at their request, and that no price was fixed or agreed upon by them, then the law will imply a promise from the defendants to pay the plaintiff for such work and labor what the same are reasonably worth."

It was abundantly proven and not denied, the parents directed the defendant in error at divers times to engage in different kinds of work about the farm, and in that sense he did such work at their request.

But such is always true in cases where a child has his home with a parent after his majority and renders services about the affairs of the parent.

The well settled rule is, the law does not, in such instances, imply a promise to pay from a request.

The only other instruction given in the same behalf, having reference to the controlling legal principle involved, was as follows:

" The jury are instructed that if they believe, from the evidence, that the plaintiff has proven by a preponderance of the evidence, either an express hiring, or circumstances from which such hiring or contract may be reasonably inferred, and that plaintiff worked for the defendants under such contract, then the jury should find for the plaintiff, and assess his compensation at such amount as they may believe, from the evidence, said services are reasonably worth.

From these instructions, considered together, the jury would readily arrive at the conclusion a request to perform services was a circumstance from which a contract to pays would be inferred.

The true rule was declared in instructions given at the

instance of the plaintiff in error (defendant below), but the jury were still free to accept the erroneous direction of the court.

For the reason indicated, the judgment is reversed and the cause remanded.