DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1920.

---

Matilda C. Hudson, Appellee, v. William H. Hudson, Administrator, et al., Appellants.

### Gen. No. 6,764.

1. ASSUMPSIT, § 67*—*when services are presumed gratuitous.* The general rule is that where persons live together as members of one family, the law does not imply a contract on the part of one of them to pay for nursing and care, but such services are presumed to have been gratuitous.

2. ASSUMPSIT, § 67*—*when compensation for services may be recovered.* Compensation for services rendered by one member of a family to another may be recovered if a reasonable inference arises from the evidence that an understanding existed between them by which the claimant was to receive pay for the services.

3. ASSUMPSIT, § 67*—*how contract for services may be established.* A contract on the part of one member of a family to pay for services rendered by another member may be established by facts and circumstances in evidence which show that when the services were rendered, both expected them to be paid for by the recipient.

4. EXECUTORS AND ADMINISTRATORS, § 270*—*when evidence establishes claim for services.* On a claim against the estate of a de-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

ceased person for nursing and care given deceased, evidence showing repeated expressions by deceased of his appreciation of the value of the nursing, care and attention which claimant, a member of the same family, had given him and that he expected to pay claimant for such services, some of such expressions being made in the latter's hearing and under circumstances indicating that deceased had an understanding with the latter about the matter of payment, warrants the jury in inferring that claimant would fulfil his promise and pay her for her services.

5. HUSBAND AND WIFE, § 127*—*when wife may recover for services rendered in family.* On a claim against the estate of a deceased person for nursing, care and attention rendered by claimant for deceased while living as a member of claimant's family, claimant, though a married woman, is entitled to recover for such services in her own right as her separate earnings, even though the services were rendered in connection with household duties performed by her to assist her husband, where the services were distinctive and not a part of her household duties, though performed with her husband's assent.

6. EXECUTORS AND ADMINISTRATORS, § 236*—*how time for filing claims is computed.* Semble, that where, after the issuance of letters testamentary to one as executor and after he had published a notice fixing the day for adjusting claims against the estate, letters of administration *de bonis non* were issued to him as administrator, pursuant to an adjudication that the decedent died intestate, and the administrator fixed another adjustment day, in ascertaining whether a claim against the estate is barred, the time to be deducted should be from the day of the death of intestate to the adjustment day fixed by the administrator, not to the day fixed by the executor.

7. APPEAL AND ERROR, § 490*—*when objection as to amount of recovery cannot be raised on appeal.* On appeal from a judgment entered on a verdict after denial of a motion for a new trial, appellant cannot raise any question as to the amount of the verdict where he did not, in his motion for a new trial, assign as a reason therefor that the verdict was excessive, as he thereby waived any right to question the amount.

8. EXECUTORS AND ADMINISTRATORS, § 233*—*when claim against estate is not barred.* A claim against an administrator *de bonis non* for services rendered the intestate is not barred as to property of the estate not inventoried or accounted for by the executor in the first administration, even though not presented within one year from the date of the letters testamentary issued under the first administration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hudson v. Hudson, 218 Ill. App. 559.

Appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 21, 1920. Rehearing denied June 25, 1920. *Certiorari* denied by Supreme Court (making opinion final).

L. P. DAY, for appellants; C. A. REINWALD, of counsel.

DYER & DYER and C. G. HIRSCHI, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, Matilda C. Hudson, filed a claim in the county court of Iroquois county against the estate of John Hudson, deceased, who died April 17, 1914. The claim is for services rendered to the deceased, including personal care and attention, nursing and bathing, and keeping the person of the deceased clean; washing his clothes and bedding, mending, and keeping his clothes in good order; also preparing his meals for a period of 5 years prior to his death. It appears from the evidence that the deceased was the father of William H. Hudson, the claimant's husband, and that he lived to be over 99 years of age. About 5 years prior to his death, he moved to the home of the claimant and her husband in Watseka, and resided there the remainder of his life. During the time that he lived at this home he was practically under the personal care of the claimant, and required such care almost continually. He was physically enfeebled, and became more and more so towards the latter end of his days. He was suffering from a number of ailments; had diarrheal trouble, which caused involuntary movements of the bowels. He was also troubled with involuntary emissions of urine, and had gangrene in one of his feet, which required constant dressing. The bowel trouble was especially annoying because his own garments and the

bed clothes would frequently become soiled, and would get into an offensive condition which required frequent washing and cleaning and changes. The gangrenous condition of the foot emitted offensive odors and also required frequent attention and dressing. The evidence tends to show that the nursing and care which the claimant was required to bestow upon the deceased during the 5 years preceding his death were reasonably worth $20 per week. A trial jury was had in the county court which resulted in a verdict in favor of the claimant for $6,700. The case was then appealed to the circuit court, where on another trial a verdict was rendered for $6,500. The appellants thereupon made a motion for a new trial which was overruled, and the court rendered judgment on the verdict, and from this judgment an appeal is now prosecuted.

Several reasons are urged for reversal of the judgment. It is contended that the claimant has no right to recover because all the parties lived together as members of one family, and that where such a relation exists, the law does not imply a contract on the part of one to pay for the services of another, and there is a presumption arising from such relation that the services rendered are gratuitous, and that no express contract is shown by the evidence. While it is true that the general rule is as contended for by the appellants, it is equally well settled that compensation for such services may be recovered if a reasonable inference arises from the evidence that an understanding existed between the parties by which the claimant was to receive pay for her services. *Faloon v. McIntyre,* 118 Ill. 292; *Collar v. Patterson,* 137 Ill. 403; *Finch v. Green,* 225 Ill. 304; *Smith v. Birdsall,* 106 Ill. App. 264. A contract may be established by facts and circumstances in evidence which show that when the services were rendered, both parties expected them to be paid for, the one expecting to receive payment and the other to make payment for such services. *Heffron v.*

*Brown,* 155 Ill. 332; *Switzer v. Kee,* 146 Ill. 577; *Miller v. Miller,* 16 Ill. 296. In this case the evidence clearly shows repeated expressions by the deceased which indicated his appreciation of the value of the services which the claimant rendered for him, and that he expected to pay her for them. Some of these expressions were made within the hearing of the claimant, and under circumstances that indicated that the deceased had an understanding with the claimant about the matter of payment. The intention of the deceased to pay her, having been brought to her attention, it is a reasonable inference from the evidence that the claimant expected that the deceased would carry out his intention and promise to pay her, and that she therefore understood and expected such payment to be made, and the jury were warranted in drawing this inference from the evidence.

It is contended that the claimant's services were rendered in the household of her husband, and therefore that the claimant has no independent right to recover. The evidence does show that the services were rendered in connection with household duties of the claimant which she performed to assist her husband, but it also shows that the services were not a part of such household duties, but distinctive services rendered for the deceased, with the assent of her husband, as nurse for the deceased, the payment for services as nurse to the deceased would be her separate earnings, which, under the statute, she would be entitled to recover for, in her own right.

It is also contended, by the appellants, that the 5-year period of limitation was not correctly applied in this case, and that the claimant was not entitled to recover for services rendered prior to February 20, 1913. It appears from the evidence that there were two administrations in this estate. The first one proceeded under the will of the deceased, which was admitted to probate on May 16, 1914, and the letters

testamentary which were issued in conjunction therewith to William H. Hudson and as executor he had fixed a claim day, giving due notice to that effect, for the July term of the county court in 1914. This administration did not settle the estate. Proceedings were had in the circuit court of Iroquois county to set aside the probate of the will, which finally resulted in an adjudication in April, 1918, that the deceased died intestate. Thereafter letters of administration *de bonis non* were taken out upon the estate, and William H. Hudson was appointed administrator. Under this administration of the estate an adjustment day for claims against the estate was also fixed and due notice published. The claim of the appellee was filed against the estate in the second administration of the estate. It is insisted, therefore, that in the application of the general rule with regard to the 5-year period of limitation, under which the claimant could only recover for 5 years next before presenting her claim, deducting the time that elapsed between the death of the intestate and the time fixed by the administrator for the adjustment of the estate, that the time to be deducted refers to the adjustment day fixed by the executor and not the one fixed by the administrator. While we do not agree with this contention of the appellants and are inclined to hold that the adjustment day referred to is the one in the administration of the estate at which the claim is presented, it is sufficient to say concerning this point that it concerns merely the amount which the claimant had a right to recover, and that appellants are not in position to raise any question concerning the amount of the verdict, because they did not, among the specified reasons set up in their motion for a new trial, assign as a reason for a new trial that the amount recovered was too large or excessive. Their right to raise any questions on appeal concerning the amount recovered was thereby waived. *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589.

It is also insisted that appellee's claim is barred because it was not presented within one year from the date of the letters testamentary issued under the first administration of the estate. *Shephard v. Rhodes,* 60 Ill. 301. The limitation referred to does not bar the payment of appellee's claim out of any property of the estate of the deceased not inventoried or accounted for by the executor in the first administration of the estate. Paragraph 7, sec. 70, ch. 3, Hurd's Rev. St. (J. & A. ¶ 119). And in the condition of the record, this question concerns the payment of the claim in due course of administration, rather than the appellee's right to recover a judgment.

We find no error in the rulings of the court in the admission or rejection of evidence. The judgment is affirmed.

*Judgment affirmed.*