## Belle Crawley and Belle Crawley, Administratrix of the Estate of Frank Crawley, Deceased, Plaintiff in Error, v. Minnie Howe, Administratrix of the Estate of Thomas Crawley, Deceased, Defendant in Error.

1. EXECUTORS AND ADMINISTRATORS—*when evidence sufficient to make prima facie case for claimant.* Where claimant against an estate for services rendered in the care of intestate by claimant and her husband, since deceased, presented evidence that tended to show that neither party expected or intended that the services should be rendered gratuitously and that intestate intended that claimant and her husband should receive compensation and that they expected to be remunerated therefor but that they had not received either the money or the deed to property which they were to receive for such services, such evidence made a prima facie case for claimant.

2. EXECUTORS AND ADMINISTRATORS—*claim against estate as not barred by suit for specific performance.* By going into a court of chancery to secure from the administratrix specific performance of a contract for the care of a person during the remaining years of his life, complainant did not bar herself from afterward, upon failure of that suit, presenting her claim for services under the same contract against his estate.

3. JUDGMENT—*plea of res adjudicata as precluded by reversal of decree relied on.* A judgment which has been reversed upon appeal is of no force whatever, and a decree for specific performance of a contract against the administratrix of an estate having been reversed, nothing in that decree can be set up as *res adjudicata* in a suit to enforce a claim against the estate of intestate based upon the same contract.

4. JUDGMENT—*when reversed decree for specific performance is not res adjudicata as to claim against deceased's estate.* Where a complainant brought suit individually and as administratrix of her husband's estate against the administratrix of the estate of her husband's father for specific performance of a contract for conveyance of land in consideration of their care of him during his later years and also upon an individual claim for board, and the decree did not find that complainant individually and as administratrix of her husband was not entitled jointly to any compensation under the contract in question as the claim for board set out in the bill and disallowed by the decree was in each specified as an individual claim, but on the contrary the court specifically found that,

under the contract, there was a joint claim for joint services and decreed specific performance therefor and, on appeal by defendant from the whole decree, it was reversed, such decree was not *res adjudicata* as to a subsequent claim by complainant in her individual capacity and as administratrix of the estate of her husband against the estate of defendant's intestate.

Error to the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed October 25, 1921.

W. T. COLEMAN, EDWARD C. CRAIG, DONALD B. CRAIG, FRED H. KELLY and JAMES CRAIG VAN METER, for plaintiff in error.

S. S. DUHAMEL, PERRY M. MOORE, JOHN H. CHADWICK and PERRY M. CHADWICK, for defendant in error.

MR. JUSTICE HEARD delivered the opinion of the court.

Belle Crawley, in her individual capacity, and as the administratrix of the estate of Frank Crawley, deceased, filed a claim against the estate of Thomas Crawley, deceased, in the county court of Douglas county for services rendered in caring for said Thomas Crawley, deceased, boarding him and personal attention during 5 years preceding his death. The case was taken upon appeal to the circuit court where upon the trial, at the close of all the evidence in the case, on motion of defendant in error, hereinafter called the defendant, the court instructed the jury to find a verdict for the defendant, which verdict being rendered, judgment was rendered thereon in bar of the action and for costs and the case is now before this court upon writ of error.

Thomas Crawley departed this life intestate May 2, 1918, leaving no widow him surviving, but leaving as his only heir, Minnie Howe, the defendant. Frank Crawley, a son of deceased, and husband of Belle

Crawley, died August 18, 1917, leaving no child, or descendants of a child, him surviving.

There is evidence in the case tending to show that at the time of the death of the wife of Thomas Crawley, deceased, he, with his wife, were living on his 95-acre farm in Douglas county, and that thereafter Frank Crawley and his wife came to live with him and lived with him on said farm until the spring of 1912, when Frank and his wife removed to another farm; that in the summer of 1912, Thomas Crawley came at different times to the farm where Frank and his wife were living and urged them to move back upon the 95-acre farm so that he could have a home with them; that he told them that if they would come back to his place and live with him and take care of him until he died, he would make Frank and Belle a deed to the 40 acres and leave the deed in the bank to be delivered at his death and that he would pay them board and they would pay him rent and that he would pay them money instead of the other 7½ acres, which with the 40 acres would make one-half the farm; that thereafter he told them he had made them a deed to the 40 acres and left it in the bank; that they told him they would go back and take care of him until he died; that they did go back in the spring of 1913; that thereafter until August 18, 1917, when Frank Crawley died, he lived with them; that after Frank's death he lived with Belle Crawley a part of the time; that he spent the winter of 1917-18 in Florida; that he died May 2, 1918, at the home of defendant; that until the time of his death there was a room provided for him at the Crawley place; that he had heart and kidney trouble and diarrhœa; that at times he had no control over his kidneys or bowels; that Frank and Belle Crawley furnished him his board and waited upon him and took care of him while he was sick; that the deed to the 40 acres was never delivered to the Crawleys, nor were

they paid money for the 7½ acres. There is evidence tending to show that neither party expected or intended that these services should be rendered gratuitously and there is evidence tending to show that deceased intended that Frank and Belle Crawley should receive compensation for such services and that Frank and Belle Crawley expected to be remunerated therefor.

This evidence made a prima facie case for the claimant. *Miller v. Miller,* 16 Ill. 296; *Switzer v. Kee,* 146 Ill. 579; *Heffron v. Brown,* 155 Ill. 322; *Sherman v. Whiteside,* 190 Ill. 576; *Neish v. Gannon,* 198 Ill. 221.

After the death of Thomas Crawley, Belle Crawley, individually and as administratrix of the estate of Frank Crawley, deceased, filed in the circuit court a bill in chancery asking for the specific performance of the alleged contract made with Thomas Crawley in the summer of 1912, praying for specific performance of such contract; that she be declared to be the owner of said farm; that Minnie Howe, as administratrix of Thomas Crawley, be required to pay complainant individually and as administratrix of the estate of Frank Crawley, deceased, the value of said 7½ acres of land and that the court shall "also order the said administratrix to pay to this complainant as aforesaid the sum of, to wit, $1,000, due and owing to the complainant for board furnished to said Thomas Crawley in his lifetime in accordance with said contract and which was not paid for by the said Thomas Crawley in his lifetime and in accordance with said contract and that your complainant may have such other and further relief in the premises as equity may require and to your Honor shall seem meet."

The defendant answered this bill, among other defenses denying the contract and setting up the statute of frauds.

The case was referred to the master in chancery,

who took the proofs and reported, recommending that the bill be dismissed for want of equity. The chancellor sustained certain exceptions to the master's report and entered a decree vesting title to the undivided ½ of the 40 acres in complainant and denied all other relief prayed for in the bill. The decree, among other recitals, contained the following: "It is further ordered, adjudged and decreed that the complainant is not entitled to any compensation for board of said Thomas Crawley, and that she is not entitled to any compensation for one-half of said 15 acres of land, and relief as to such matters is hereby denied to her." Minnie Howe prosecuted an appeal to the Supreme Court of the State of Illinois, from this decree, and the decree was reversed by the Supreme Court, without remanding, the court holding that the proof in the case was wholly insufficient to sustain the decree. *Crawley v. Howe,* 291 Ill. 107.

It is apparent from this record that unless the former adjudication was a bar to this action the cause should have been submitted to the jury.

It is urged by defendant that claimant, having elected to go into a court of chancery for relief in the premises, is bound by her choice of remedies and cannot thereafter prosecute a claim against the estate based upon the same contract, which she sought to have specifically enforced.

This is not the law in this State. The Supreme Court in *Fletcher v. Osborn,* 282 Ill. 143, and in *Aldrich v. Aldrich,* 287 Ill. 213, hold that the filing of a claim in the county court while at the same time proceeding in the circuit court for specific performance of the contract was merely a legal precaution to have a remedy to secure some remuneration for the services performed in the event of failure in the specific performance suit. *Hudson v. Hudson,* 218 Ill. App. 559, is a case very similar to the present one and the court

there sustained a judgment in favor of a claimant although specific performance of the contract had been denied by the Supreme Court.

It is contended by defendant that the decree in the former adjudication finding against the claim for board of Thomas Crawley is *res adjudicata* and a bar to the prosecution of this suit. Defendant appealed from the whole decree in the specific performance case and not from some particular portion of the decree. The Supreme Court reversed the decree of the court below and their mandate was that "the decree of the Circuit Court of Douglas county in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed."

A judgment which has been reversed upon appeal is of no force whatever, and the decree for specific performance having been reversed by the Supreme Court, nothing in that decree contained can be set up as *res adjudicata* in this suit. 23 Cyc. 1234; *Bonner v. Peterson,* 44 Ill. 253.

In the case last cited it was said: "It is insisted that the decree allowing dower, in gross, in lieu of one-third part of the lands of the husband, and which was set aside on a bill of review, is a bar to this proceeding. Had it remained in force this would no doubt be true. But how a decree that has been reversed can be set up, and be relied upon by the party procuring its reversal, as a bar, or for any other purpose, we are entirely unable to comprehend. * * * If binding for any purpose, it must be so in all respects, and upon both parties."

Even were this not the rule, the decree in the specific performance case could not be held to be *res adjudicata* as against the present claim. The decree in the case did not find that Belle Crawley individually and as administratrix of the estate of Frank Crawley was not entitled jointly to any compensation under the

contract in question, as the claim for board set out in the bill and disallowed by the decree is in each specified as an individual claim for board. On the contrary, the court specifically found that under the alleged contract there was a joint claim for compensation for joint services and decreed specific performance by way of compensation therefor.

Claimant having made out a prima facie case and the former adjudication not being a bar to this proceeding, it follows that the cause should have been submitted to the jury for their consideration and that the court erred in instructing the jury to find for the defendant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*