THE PEOPLE *ex rel.* Augusta Wilmers

*v.*

CHARLES VOLKSDORF.

*Filed at Ottawa September 27, 1884.*

1. BASTARDY—*subsequent marriage of the mother—effect upon her rights under the Bastardy act.* Under the Bastardy act, complaint during pregnancy, and before delivery of the child, can only be made by an unmarried woman; but after delivery while she is single, the subsequent marriage of the mother will not prevent her from making complaint against the reputed father of the child.

2. The true construction of the statute is, that the mother shall be unmarried at the time the child is born; and the word "unmarried," in the law, does not properly relate to the time of making the complaint.

3. BASTARD—*liability of one marrying the mother, to support child.* The marriage of the mother of an illegitimate child, after delivery, to one not the father, can not affect the *status* of such child, and the husband will not be liable for its support.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

This was a prosecution under the Bastardy act, commenced by Augusta Wilmers, against Charles Volksdorf, to compel him to contribute to the support of a bastard child, on the alleged ground of his being its father.

It appears that the defendant, for about eighteen months subsequent to the birth of the child, made voluntary contributions towards its support, which he ceased making upon the marriage of the mother, whereupon she, after her marriage, made the complaint in this case.   A trial was had in the Criminal Court of Cook county, which resulted in a verdict of guilty, and judgment against the defendant in the sum of $493.50, from which he appealed to the Appellate Court for the First District.   In the Appellate Court this judgment was reversed, and final judgment entered against the prosecutrix, on the ground that being married at the time of making the complaint, she did not come within the Bastardy act, and could not institute the proceeding.   The prosecutrix brings the case to this court by writ of error, and asks a reversal of the judgment of the Appellate Court, claiming that the proceeding will lie, for the reason that she was unmarried at the time of the birth of the child.

Mr. CLARENCE F. DORE, for the plaintiff in error:

Similar statutes have been so construed as to authorize one marrying after the birth of a bastard child, to prosecute. *Haworth* v. *Gill*, 30 Ohio St. 627; *Sisco* v. *Harman*, 9 Vt. 129; *Wilkie* v. *West*, 1 Murphy, 319.

The marriage, here, in nowise affected the *status* of the bastard child, and the husband is not liable for its support. *Brush* v. *Blanchard*, 18 Ill. 46; *Mowbry* v. *Mowbry*, 64 id. 383.

In England, where complaint is limited to single women, the courts have held that a married woman may be considered single, in the sense intended by the statute. *Regina* v. *Pakington,* 2 Ellis & Bl. 546; *Regina* v. *Collingwood,* 12 Q. B. 681; *Rex* v. *Luffe,* 8 East, 193.

The statute being remedial, should receive a liberal construction, to effect its general design to afford a support to illegitimates. *Castner* v. *Walrod,* 83 Ill. 171; *Burgett* v. *Burgett,* 1 Ohio, 221; Potter's Dwarris on Statutes, 244.

Mr. W. B. CUNNINGHAM, for the defendant in error:

Under our statute three things are requisite: First, complaint must be made by the mother of the child; second, it must be made within two years from the birth of the child; and third, it must be made by an unmarried woman.

In the cases of *Dunham* v. *People,* 49 Ill. 234, and *Cook* v. *People,* 51 id. 143, it appeared the relatrix was a single woman when she made the complaint.

The Ohio courts, in construing a similar statute, held that the relatrix must be an unmarried woman. *Divinney* v. *State,* Wright, 564; *Haworth* v. *Gill,* 30 Ohio St. 627. To the same effect, see *Williams* v. *State,* 29 Ala. 9; *Cooper* v. *State,* 4 Blackf. 316; *Coppy* v. *State,* 24 Ind. 391; *Sword* v. *Nester,* 3 Dana, 453.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This case involves a construction of the first section of the Bastardy act, which provides, "that when an unmarried woman who shall be pregnant, or delivered of a child which by law would be deemed a bastard, shall make complaint to a justice of the peace," etc., accusing one with being the father of such child, the justice shall issue his warrant, etc. It is contended by appellee that the mother of a bastard child must be an unmarried woman at the time she makes

complaint, while appellant claims that the word "unmarried," in the section, is to be referred to the pregnancy or delivery of the mother.

The statute authorizes the making of the complaint when a single woman is pregnant with child. In that case the complainant must be "unmarried" at the time of making the complaint. It also authorizes the institution of the prosecution when an unmarried woman has been *delivered* of a child, in which case it is not necessary that she be unmarried when she makes the complaint. The marriage of the mother of an illegitimate child, after delivery, to one not the father, can not affect the *status* of such child, and her husband will not be liable for its support. (*Brush* v. *Blanchard*, 18 Ill. 46 ; *Mowbry* v. *Mowbry*, 64 id. 383.) The true construction of the statute is, that the mother shall be unmarried at the time the child is born, and the word "unmarried," in the law, does not properly relate to the time of making the complaint.

The judgment of the Appellate Court will be reversed, and the cause remanded to that court, with direction to enter judgment in conformity to this opinion.

*Judgment reversed.*