## DAVID E. JOHNSON V. STATE OF NEBRASKA.

FILED SEPTEMBER 23, 1898. No. 10018.

55 781
62 427n

**Bastardy: EVIDENCE.** To sustain a finding of guilty in the trial of a bastardy case in the district court of the proper county, it is necessary to show by the evidence that the mother, at the time of the birth of the alleged bastard, was an unmarried person.

ERROR to the district court for Webster county. Tried below before BEALL, J. *Reversed.*

*Randolph McNitt*, for plaintiff in error.

*C. J. Smyth, Attorney General, Ed P. Smith, Deputy Attorney General,* and *Chaney & Walden, contra.*

RYAN, C.

Before the county judge of Webster county, Lillie Churches, an unmarried woman, on April 20, 1897, made complaint under oath that she was pregnant with a child, which, if born alive, would be a bastard, and that David E. Johnson was the father of said child. Upon a hearing the said Johnson was required to give bonds for his appearance at the next ensuing term of the district court, which he did, and upon a trial therein had was found guilty.

The only question argued is as to the necessity of proving that, at the time of the birth of her child, Lillie Churches was an unmarried woman. She testified as to her age, and that the defendant was the father of the infant, following which testimony the bill of exceptions contains this language:

Q. You may tell the court where and under what circumstances the child was begotten?

A. It was over in brother's shed.

Q. Where were you?

A. I went over there to milk.

Q. And he came to you?

A. Yes, sir.

Q. And had intercourse with you?

A. Yes, sir.

Q. When was that?

A. About the 26th of September, 1896.

Q. And when was this child born?

A. June 11, 1897.

Q. Where is Mr. Johnson now; do you know?

A. No, sir, I do not.

Q. You were an unmarried woman at the time this occurred?

A. Yes, sir.

Q. Living where? With your parents?

A. Yes, sir.

Q. And you were about nineteen years old at that time or a little less?

A. A little less than nineteen.

The trial took place on January 10, 1898, and the witness testified that she was 20 years of age on October 17, 1897. It is not clear what occurrence was referred to when she stated what was her age, unless we take into account her statement that at the time of said occurrence she was less than 19 years of age. As the birth of the child was when she had nearly reached the age of 20, it is quite clear that the occurrence she testified concerning was the act of coition. There was therefore no evidence as to whether or not she was a married person when her child was born. Under this condition of the evidence, what rule is applicable? Plaintiff in error, to sustain the proposition that the complainant must at the time of the birth of the child be unmarried, cites *People v. Volksdorf*, 112 Ill. 292, and *Haworth v. Gill*, 30 O. St. 627. In the first of these two cases the mother was unmarried when the child was born, but married subsequently, and it was held that this fact did not disqualify her to make the complaint upon which the reputed father was tried. In *Haworth v. Gill, supra*, it was held incompetent to prove non-intercourse between married persons with the view

of letting in evidence which rendered it probable that the accused was the father of a child whose mother had procured a divorce from the husband before the child was born. It will be readily seen that these cases afford no light with respect to our present inquiry.

By chapter 37, Compiled Statutes, it is provided that on complaint of any unmarried woman, pregnant with a child, which, if born alive, may be a bastard, a warrant shall issue for the apprehension of the person in such complaint alleged to be the father of such child, and that thereupon there shall be an examination of the complainant under oath. If the accused shall pay, or give sufficient security for the payment, to complainant, of such sum as shall be satisfactory to her, and shall give bond to the county commissioners of the proper county to save the county free from all charges toward the maintenance of such child, the magistrate who issued the warrant may discharge the accused from custody upon payment of costs. In case of non-compliance with the above requirements, the magistrate must bind the accused to appear at the next term of the district court to answer the accusation against him, and in default of such recognizance the accused meantime must be confined in the county jail. When the accused shall plead not guilty to such charge before the court to which he is recognized, that court must order the issues to be tried by a jury; and if the accused be found guilty, he shall be judged the reputed father of the child, and shall stand charged with its maintenance as the court may direct, and give bond accordingly, or be committed to the county jail. This statute was evidently not framed so much for the protection of the accused as for the indemnification of the public against expense. In order that this end may be met the accused is denied the right to a hearing and discharge by the examining magistrate, no matter how clearly he may demonstrate his innocence. The magistrate can only take security for the appearance of the accused at the next term of the district court; otherwise there must

be a commitment to jail. Under section 302 of the Code of Criminal Procedure a person even accused of murder might be discharged by a magistrate, if there exists no probable cause for holding him; but in a bastardy proceeding the examining magistrate can exercise no discretion, but must exact bonds, not for the appearance of the accused but for the performance of certain conditions for the benefit of the public, and to the satisfaction of his accuser, or require a recognizance for his appearance. The theory on which these harsh requirements are based is that the woman in the case, if she has no protector, will become a helpless public charge, as will also her offspring upon its birth. When that event takes place, if she has a husband, there exists no justification for holding the accused liable to her for the support of herself or her offspring and it may be safely assumed the public then has no further concern for the support of either the mother or child. A statute as arbitrary as that under consideration should not, by implication, be extended beyond its reasonable purpose. The statutory requirement that the child, if born alive, will be a bastard, implies that it shall not be born in wedlock, for if its mother at the time of its birth is a married woman, the child would not in law be deemed a bastard. The provisions of the statute fix the liability of the putative father, and none of its essentials can be ignored. Because of the failure of proof indicated the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.