### The People, ex rel. Golda Simpson, Appellee, v. Clarence E. Griffin, Appellant.

BASTARDY—*what essential to right to maintain proceedings for.* Under the statute in this state, the woman must be unmarried when the child is both conceived and born in order to be competent to prosecute a bastardy proceeding.

Proceeding under Bastardy Act. Appeal from the County Court of Vermilion county; the Hon. ISAAC A. LOVE, Judge, presiding. Heard in this court at the November term, 1907. Reversed. Opinion filed April 21, 1908.

ACTON & ACTON, for appellant.

J. W. KEESLAR, for appellee; W. T. GUNN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a proceeding under the Bastardy Act. The cause was heard by the court, without a jury, upon a stipulation as to the facts, and resulted in a finding that appellant was the father of a bastard child of the relatrix, and judgment against appellant, in accordance with the provisions of the statute for the support, maintenance and education of the child. The stipulation upon which the cause was tried is as follows:

"It is stipulated and agreed that the following facts are admitted as the evidence in the above entitled cause, and that a jury is waived in said proceeding and the cause submitted to the court upon the facts hereinafter stipulated, reserving to either party the right to question the competency and relevancy of the facts so admitted, to-wit:

First. That the relatrix, Golda Simpson, on July 3, 1900, was lawfully married to one Norman Simpson, and remained his lawful wife from that time until November 12, 1906, when she secured a divorce from the said Norman Simpson in the Circuit Court of Ver-

milion county, Illinois, on the ground of desertion; that two children were born to said marriage.

'Second. That the relatrix, Golda Simpson, will testify in this case that the defendant, Clarence Griffin, had sexual intercourse with her and is the father of the child mentioned in the complaint filed in this proceeding, and that the defendant does not deny said facts so sworn to.

Third. That at the time of the conception of. said child the relatrix, Golda Simpson, was the lawful wife of said Norman Simpson, and at the time was not divorced from him, but said Norman Simpson was not living with the said Golda Simpson and had not had intercouse with her within the period of gestation.

Fourth. That the child mentioned in the complaint was born on April 9, 1907, after the relatrix secured her divorce, and that at the time of the birth of the child the relatrix was an unmarried woman, and was also an unmarried woman at the time of filing the complaint herein. And the foregoing was all the evidence introduced on the trial of this case."

The important question to be determined in this case arises upon a consideration of the second proposition of law submitted by appellant, and refused by the court, which proposition is, as follows:

"The court holds that under the law in this state the relatrix must be an unmarried woman at the time of the conception of the child in order to be entitled to prosecute an action under the statute relating to bastardy."

Section 1 of the Bastardy Act provides in part: "That when an unmarried woman who shall be pregnant, or delivered of a child, which by law would be deemed a bastard, shall make complaint to a justice of the peace of the county where she may be so pregnant or delivered, or the person accused shall be found, and shall accuse, under oath or affirmation, a person with being the father of such child, it shall be the duty of such justice to issue a warrant against the person so accused," etc.

Allowing the usual period of gestation the child was conceived by the relatrix about July 1, 1906, and at that time she was a married woman. It is conceded that but for the decree of divorce of November 12, 1906, which dissolved the marriage existing between the relatrix and her husband, and the birth of the child thereafter, the relatrix would not, under the statute, be competent to prosecute this case, but it is insisted that as such marriage relation had been dissolved prior to the birth of the child, and the relatrix was then an unmarried woman, the action will lie. The phraseology of the section of the statute above quoted lends some support to appellee's contention, but we are satisfied that the proper construction of the statute involved does not sustain such contention. The Legislature manifestly intended that the relatrix in a bastardy proceeding must be unmarried when her child is both begotten and born. She may, if unmarried and pregnant with child, institute such a proceeding before the birth of the child and require the putative father to enter into recognizance for his appearance at the next court after the birth of the child, but the only liability imposed by the statute upon the putative father being the payment of certain sums of money for the support, maintenance and education of the child, does not accrue until the birth of the child. If no proceedings are instituted during the pregnancy of the relatrix, she may await the birth of the child and then institute proceedings to compel the putative father to pay the required sum of money. The status of the mother as to being married or unmarried when the child is conceived is the controlling circumstance, which, under the statute, determines the legitimacy or illegitimacy of the child, and if the complaint is made after the birth of the child, it must relate back to the status of the mother when the child was conceived.

If the contention of appellee is sound, a woman giving birth to a child which was conceived during wedlock but born after the death of her husband, may then

institute bastardy proceedings under the statute. In the case at bar, the decree of divorce, while it affected the status of the mother did not affect the status of the child, and to hold that the relatrix is entitled to prosecute bastardy proceedings, of necessity implies that it is within her power, by her own act in procuring a divorce, to affect the status of the child and to confer upon herself a statutory right which did not exist, and which she was powerless to exercise prior to her divorce.

It is urged on behalf of appellee that the status of the mother as to being married or unmarried when the child is conceived is immaterial because the statute authorizes the institution of bastardy proceedings by her when she is pregnant with or delivered of a child which by law would be deemed a bastard, and at the common law a child is a bastard although conceived and born in wedlock if procreation by the husband is for any cause impossible. 3 Am. & Eng. Enc. (2nd Ed.) 872. Every child born in lawful wedlock or within a competent time after its determination is presumed to be legitimate (Zachman v. Zachman, 201 Ill. 380), and we think the word "deemed" is used in the statute in the sense of presumed rather than adjudged, so that the proper rendering of the language employed is: When an unmarried woman who shall be pregnant, or delivered of a child which by law would be presumed a bastard, shall make complaint, etc. Thus interpreting the statute, it follows that under the presumption prevailing as to the legitimacy of a child born in wedlock or within a competent time after its determination, the child born to the relatrix would not be deemed a bastard.

Appellee relies upon the case of The People v. Volksdorf, 112 Ill. 292, as sustaining her contention, but the only question there involved was whether or not, under the statute, a married woman who had been delivered of a child prior to her marriage, could institute bastardy proceedings against the putative father, and it was held that the true construction of the statute re-

quired the mother to be unmarried at the time the child was born, and that the word "unmarried" in the statute did not properly relate to the time of making the complaint. The same considerations which warrant the holding that the mother must be unmarried when the child is born warrant the holding that she must be unmarried when the child is conceived.

Authority is not wanting to sustain the contention of appellant that, under the statute, a woman must be unmarried when the child is both conceived and born, in order to be competent to prosecute a bastardy proceeding, and our attention has not been directed to any case announcing a contrary doctrine.

The statute of the State of Nebraska, the language of which is almost identical with that employed in our statute, provides: "That on complaint made to any justice of the peace in this State by any unmarried woman resident therein, who shall hereafter be delivered of a bastard child, or, being pregnant with a child which, if born alive, may be a bastard, accusing on oath or affirmation any person of being the father of said child, the justice shall take said accusation in writing," etc. In considering this statute in Parker v. Nothomb, 60 L. R. A. 699, the Supreme Court of Nebraska, in a well-considered opinion, held that the status of the mother must be that of an unmarried person at the time the illegitimate child is both begotten and born.

In Bunn v. The People, 103 Ill. App. 336, this court held that in order to be deemed a bastard under the statute here involved, a child must be both begotten and born when the mother is an unmarried woman. A like holding is to be implied from the language of the court in Harrison v. The People, 81 Ill. App. 93, and in Drennan v. Douglas, 102 Ill. 341.

We conclude that the relatrix, being a married woman when she conceived the child which is alleged to be a bastard, was not authorized by the statute to prosecute this action, and that the judgment of the County Court should be and is reversed.

*Reversed.*