**STATE, ex rel. FISHER, Plaintiff-Appellant, v. McKINNEY, Defendant-Appellee.**
**STATE, ex rel. FISHER, Plaintiff-Appellant, v. McKINNEY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

Nos. 2031-2032.   Decided April 11, 1949.

Herbert M. Eikenbary, Dayton, for plaintiff-appellant.
Merritt E. Schlafman, Dayton, for defendant-appellee.

## OPINION

By MILLER, PJ.

These are separate law appeals from the Common Pleas Court of Montgomery County, Ohio, in two companion cases. In case No. 2032 the defendant-appellee was charged with the non-support of his minor child under the age of eighteen years. The record discloses that the complainant and the defendant were never married, and counsel for the plaintiff admitted that the defendant had never been adjudicated to be the father of the illegitimate child. At the close of plaintiff's case a demurrer was filed to the affidavit and to the evidence adduced for the reason that the same did not set forth or show facts sufficient to constitute a cause of action; that the same were defective since the defendant had never been adjudged by any court of competent jurisdiction to be the father of the illegitimate child, which was the subject of the action. The Court sustained the demurrer upon the authority of **State of Ohio v. Parker, 82 Oh Ap 235.** This case is squarely in point with the case at bar and no authority had been cited by counsel to the contrary It should be noted that §1639-46 GC under which this action was brought, became effective on January 1, 1946, and cases cited interpreting the old statute are of no assistance. We are of the opinion that the Court did not err in sustaining the demurrer.

The record in case 2031 discloses that the complainant then filed an affidavit charging the defendant with being the father of a bastard child. At the close of the plaintiff's case a motion to dismiss was filed for the reason that the evidence discloses that the complainant was a married woman, having married several years after the child was born. The Court held that a bastardy action can only be brought by an unmarried woman, citing §12110 GC, and it is to this ruling that this appeal is directed. The rules of construction require that the statute be strictly construed. It provides:

"When an unmarried woman, * * *, makes a complaint", etc.

To hold differently from the trial court would be adding language to the statute which is not there and would con-

stitute judicial legislation. No authority is cited by counsel which supports his contention that if the plaintiff is unmarried at the time of the conception and birth she may prosecute the action irregardless of her marital status at the time of the filing of the complaint. The Court of Appeals from Mahoning County has spoken on this precise question in **Sullivan, Gdn., v. Wilkoff, Exrx, 63 Oh Ap 269,** the second syllabus of which provides:

"The only action provided by the statutes of Ohio whereby the mother may institute proceedings against the father of an illegitimate child is found in §12110 GC, which action may be maintained only by an unmarried woman."

We find also that language in the case of **State, ex rel. v. Clark, 144 Oh St at page 309,** Zimmerman, J., says:

"In the instant case, plaintiff filed her complaint against defendant when she was pregnant and unmarried. Under statutes similar to ours it has been held that if a woman is unmarried (without a lawful husband) at the time of filing her complaint and is unmarried at the birth of the child, she may maintain a bastardy proceeding. 14 A. L. R., 976 et seq., annotation. See 5 O Jur., 551, Section 9; 7 American Jurisprudence, 682, Section 84; Moore v. Smith, 178 Miss., 383, 172 So., 317; Johnson v. State, 55 Neb., 781, 76 N. W., 427."

Also in **Haworth v. Gill, 30 Oh St, at page 628,** in interpreting this statute the Court said:

"The statute authorizes the complaint to be made either during pregnancy or after delivery. If made during pregnancy, it is certain that the pregnancy alleged must be that of an unmarried woman, and if not made till after delivery, it is equally certain that the complainant must still continue to be unmarried."

We therefore hold that the Court did not err in sustaining the motion to dismiss. The judgment is affirmed in both cases.

HORNBECK and WISEMAN, JJ, concur.