## KIRKBRIDE, Plaintiff, v. ESCHBAUGH, Defendant.

Juvenile Court, Noble County.

No. 506.

John W. Hazard, Caldwell, for plaintiff.
L. C. Young, Caldwell, for defendant.

### OPINION

By McGINNIS, J.

This case is before the court on the motion of defendant to dismiss the complaint. The complaint states that Verna Kirkbride, nee, Martin, gave birth to a bastard child on the 13th day of November, 1955, namely Linda Joy Martin, and that Charles Eschbaugh is the father of said child and that complainant was unmarried on that date. Upon examination complainant states that she is now married and was at the time of filing this complaint.

Sec. 3111.01 R. C., provides that:

"When an unmarried woman, who has been delivered of, or is pregnant with, a bastard child, makes a complaint in writing, under oath, before a justice of the peace or in juvenile court, charging a person with being the father of such child, the judge or justice shall issue his warrant. directed to any sheriff, police officer or constable commanding him to pursue and arrest such accused person in any county and to bring him forthwith before such judge or justice to answer such complaint."

The motion before the court asks for the dismissal of the complaint on the grounds that the complainant, upon examination stated that she was a married woman at the time of filing said complaint.

It is true, according to common diction, the whole section seems to be describing an unmarried woman yet it does not state that the complaint must be filed while she is yet unmarried. The language used is unfortunate but to rule that the woman must be unmarried at the time she files her complaint is placing a very narrow meaning on the statute. Its words create a cause of action in the woman if she is unmarried at the time of the birth of the child. She may change her status by marrying or she may become the resident of another county or state, may enter into a marriage of doubtful legality or may be legally married and then divorced which would result in an unmarried state.

Is a cause of action such a will-of-the-wisp that it could vest, divest and revest depending upon the vagaries of the woman? Is the right of the child to support by its real father to be so billowed about in courts designed to administer justice? We think not. It is the opinion of this court that this mother has the right to maintain this action. She is the same person as the unmarried woman who gave birth to the child and the filing is merely a technicality and has nothing to do with the right of action.

Courts are not always confined to the literal meaning of a statute. Legislative intent is the primary consideration even though this can only be accomplished by a departure from the literal interpretation of the language employed so long as that meaning can be discovered from the words of the statute. It is also well settled that punctuation is a fallible standard for the meaning of a statute and the last resort as an aid in the interpretation.

All of this is too well settled to require citation of authority.

There is little help in the decisions in this jurisdiction but our Supreme Court touched upon the question in the 21 Oh St 646 which was in 1867 but under a statute of the same wording. In that case the child was begotten while the complainant was unmarried and born after marriage but the question was raised when she continued prosecution of the action after marriage. The court held that she had the right to maintain her action after marriage. If a cause of action still existed after marriage and an action could be maintained then it follows that the action could also be started after marriage. In that case it was not shown that the husband had the knowledge of her condition at the time of marriage and under the law this was the turning point.

It is true that one case in this state held otherwise. It came from Montgomery County and the Court of Appeals of the Second District, as reported in Ohio Law Abstract, 55 v 191 in 1949 decided that a nisi prius decision should be sustained which held that a married woman could not file an affidavit charging the defendant with being the father of a bastard child, and that a bastardy action could only be brought by an unmarried woman.

In that case the court held that the rules of construction require the statute to be strictly construed as in criminal actions even though

it was an action which was not brought in the name of the state, is called quasi-criminal for the reason that the defendant can be arrested and held although the trial is not on a criminal charge and a verdict can be returned by nine of the twelve jurors as in civil cases. The purpose of the action is, not to punish the defendant, but for the enforcement of a moral duty.

In Ohio there are several other cases, one in the Supreme Court, where the court has talked and some in which the syllabi state the rule, all to the effect that only an unmarried woman can file such a complaint, also the texts so expound the rule in Ohio but a study of each case except the one from Montgomery County, shows that the decision was not made on this question and therefore is not law but mere dicta. Motion overruled.