BEAM, APPELLANT, *v.* RAY, APPELLEE.*

(No. 2547—Decided February 17, 1960.)

*Messrs. Beigel & Mahrt* and *Mr. Edward J. Duffy, Jr.,* for appellant.

*Mr. Thomas D. Reilly,* for appellee.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County dismissing a proceeding in bastardy.

In the affidavit complainant states that "she *was* an unmarried woman."  Upon trial it was conclusively shown that, at the time of the conception and on the date of the birth of the child, the complainant was an unmarried woman, but six months subsequent to the birth of the child and two years prior to instituting this proceeding she married her present husband, who is not the alleged father.

At the close of complainant's case, the court sustained defendant's motion to dismiss on the ground that the proceeding could not be instituted by a married woman.

Section 3111.01, Revised Code, provides that "when an unmarried woman, who has been delivered of, or is pregnant with, a bastard child, makes a complaint in writing * * *."

The defendant contends that under this section the complainant must be an unmarried woman at the time the proceeding in bastardy is instituted.  This was the view of the trial court.

The complainant cites the case of *Kirkbride* v. *Eschbaugh,* 77 Ohio Law Abs., 33, 147 N. E. (2d), 676, in support of the proposition that, if the woman is unmarried at the time of the birth of the child, the proceeding may be maintained even

*Motion to certify the record overruled, September 21, 1960.

though the complainant was married at the time of the institution of the proceeding. We respectfully differ from the learned judge of the Juvenile Court of Noble County. Whether a married woman should be given the right to institute a proceeding in bastardy is a matter of public policy. An argument may be made for or against the right of a married woman to institute a proceeding in a court of law charging a man other than her husband with being the father of her child. It is sufficient to state that the Legislature has resolved the question of public policy against the right of a married woman to institute such a proceeding.

In *State, ex rel. Simons*, v. *Kiser*, 59 Ohio Law Abs., 113, 98 N. E. (2d), 322, this court held that the marriage of the complainant after the proceeding in bastardy is instituted does not deprive her of the right to prosecute the proceeding to final determination. It does not follow that, since she is not deprived of the right to continue to prosecute the proceeding after marriage, she should be allowed the right to institute the proceeding after marriage. The right to maintain the proceeding is fixed and determined as of the time it is instituted.

In *State, ex rel.*, v. *Cregar*, 8 Ohio App., 138, this court held:
"Proceedings in bastardy cannot be maintained by a woman who, prior to the birth of her child, marries a man other than the putative father and is so married at the time the proceedings are instituted."

In *State, ex rel. Fisher*, v. *McKinney*, 55 Ohio Law Abs., 190, 85 N. E. (2d), 562, this court had the identical factual situation before it. In the opinion, this court, on page 191, said:
"At the close of the plaintiff's case a motion to dismiss was filed for the reason that the evidence discloses that the complainant was a married woman, having married several years after the child was born. The court held that a bastardy action can only be brought by an unmarried woman, citing Section 12110, General Code, and it is to this ruling that this appeal is directed. The rules of construction require that the statute be strictly construed. It provides:

" 'When an unmarried woman * * * makes a complaint,' etc.
"To hold differently from the trial court would be adding

language to the statute which is not there and would constitute judicial legislation.''

In *State, ex rel. Walker,* v. *Clark,* 144 Ohio St., 305, 58 N. E. (2d), 773, the court on page 309 said:

"In the instant case, plaintiff filed her complaint against defendant when she was pregnant and unmarried. Under statutes similar to ours it has been held that if a woman is unmarried (without a lawful husband) at the time of filing her complaint and is unmarried at the birth of the child, she may maintain a bastardy proceeding.''

See, also, *State, ex rel. Hoerres,* v. *Wilkoff,* 157 Ohio St., 286, 105 N. E. (2d), 39, and *Sullivan, Gdn.,* v. *Wilkoff, Exrx.,* 63 Ohio App., 269, 26 N. E. (2d), 460.

We adhere to the former ruling of this court in the case of *State ex rel., Fisher,* v. *McKinney, supra,* and hold that under Section 3111.01, Revised Code, a bastardy proceeding cannot be instituted by a married woman.

We find no error in the record prejudicial to the rights of the appellant. We find no assignment of error well made.

*Judgment affirmed.*

CRAWFORD and KERNS, JJ., concur.