368 P.2d 261

STATE of Utah, Plaintiff and Respondent,

v.

Dennis HUNT, Defendant and Appellant.

No. 9484.

Supreme Court of Utah.

Jan. 25, 1962.

**33**

Paul D. Vernieu, Ogden, for appellant.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., for respondent.

WADE, Chief Justice.

This is an interlocutory appeal from an order of the District Court of Weber County refusing to grant appellant's motion to quash an information filed against him on January 19, 1961, in bastardy proceedings under the provisions of Section 77–60–1, U.C.A.1953, upon complaint of a mother who claimed her husband had no access to her at the time of conception.

For the purpose of this appeal it is stipulated that at the preliminary hearing the complaining witness testified that the child was conceived in May, 1960, at which time she had commenced a divorce action against her husband, but the interlocutory divorce decree was not procured until June 1, 1960, and did not become final until September 1, 1960.

It is appellant's contention that the court erred in refusing to quash the information because the complaining witness was not "unmarried" at the time of the conception of the child, and under our statute, which was copied from that of Illinois,[1] her status as an "unmarried woman" is determined

1. State v. Reese, 43 Utah 447, 135 P. 270.

from the date of the conception and not at the time complaint is made.[2]

 Where a statute is copied from another state, the construction placed on such statute by the courts of that state, before its adoption by our legislature, is usually a valuable aid in determining the intent of the legislature. However, under the provisions of Section 68–3–2, U.C.A. 1953, we are required to construe liberally all statutes with a "view to effect the objects of the statutes and to promote justice."

 It is clearly the intent of the Bastardy Act to compel a natural father to contribute toward the support of his offspring. The important facts are that the child which is conceived or born must be deemed by law to be a bastard, and the female who makes the complaint against the putative father must be unmarried. By law it is not only a person who is begotten or born out of lawful wedlock who is deemed a bastard, but also one who, though conceived or born within lawful wedlock, is the fruit of an adulterous intercourse.[3] Here the mother made her complaint at a time when she was unmarried and was pregnant with a child she avers was conceived of an adulterous relationship. To hold that the mother must be an unmarried woman both at the time of conception and delivery would be a strict rather than liberal construction of the language used in Section 77–60–1, U.C.A.1953, which reads:

"Arrest of father on complaint of mother.—When an unmarried female, *pregnant* or *delivered* of a *child which by law will be deemed a bastard*, shall make complaint to a justice of the peace within the county where she may be so pregnant or delivered, or where the person accused may be found, and shall accuse, under oath or affirmation, a person with being the father of such child, it shall be the duty of such justice to issue a warrant against the person so accused \* \* \*." (Emphasis ours.)

and would not tend to effectuate the objects of the Bastardy Act. We agree rather with the Kansas Court, which said in Willets v. Jeffries [4] in construing a statute similar to ours:

"\* \* \* It is clear from this statute that the woman who makes the complaint must be an unmarried woman at the time she makes the complaint, *but there is nothing in the statute that requires that she should have been an unmarried woman at the time the child*

---

**2.** People ex rel. Simpson v. Griffin, 142 Ill.App. 588; 14 A.L.R. 977; Anno. Bastardy-Marriage.

**3.** 7 Am.Jur. Bastards, Sec. 4, p. 629; Ballantyne Law Dictionary, 2d Ed.; State v. Coliton, 73 N.D. 582, 17 N.W.2d 546, 156 A.L.R. 1403, and Anno.

**4.** Willets v. Jeffries, 5 Kan. 470–475.

*was begotten or born * * *."* (Emphasis ours.)

The court therefore did not err in refusing to quash the information. Affirmed. No costs awarded.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.