ELKANAH BRUSH, by D. H. BRUSH, his next friend, Plaintiff in Error, *v.* ISRAEL BLANCHARD, Defendant in Error.

### ERROR TO JACKSON.

A step-father will not be held to pay for the services of a minor step-son who lives in the family as a member of it, where the relationship of parent and child exists, unless an express promise to pay for the services can be shown.

THIS cause was tried by PARRISH, Judge, without the intervention of a jury, at September term, 1854, of the Jackson Circuit Court. The court found for the defendant, and entered judgment for costs against the plaintiff. The plaintiff below then sued out this writ of error.

R. S. NELSON, for Plaintiff in Error.

J. DOUGHERTY, for Defendant in Error.

SKINNER, J. Brush, a minor, by his next friend, sued Blanchard, for work and labor. The cause was tried by the court, and judgment rendered for defendant. The evidence shows

that the defendant married the plaintiff's mother, who was a widow, and of whose family the plaintiff was a member, at the time of the marriage ; that after the marriage the plaintiff continued with his mother as a member of the defendant's family ; and that the services on account of which the action is brought, were performed while the plaintiff so remained a member of defendant's family.

The husband is not, from the fact of marriage with the mother of minor children, bound to support them. As to him, so far as any obligation arising out of the marriage is concerned, they are strangers. He is not entitled to their custody or labor, nor is he bound to provide for them. *Gay* v. *Ballou*, 4 Wend. R. 403 ; *Freto* v. *Brown*, 4 Mass. R. 675; *Cooper* v. *Martin*, 4 East. R. 77 ; *Tubb* v. *Harrison*, 4 Term R. 118 ; 2 Kent's Com. 192.

He may, however, by admitting them into his family and treating them as members thereof, voluntarily assume the relation to them of parent.

Where this is done, the step-father stands in the place of natural parent, and the reciprocal rights, obligations and duties of parent and child attach and continue, so long as this mutually assumed relation continues ; and the step-child, in such case, is not entitled to recover for services rendered, nor is the step-father entitled to pay for support.

The law, in such case, will not imply a contract on the part of the parent to pay for services performed, nor oblige the child to pay for support, but will presume that neither party contemplate recompense, other than such as naturally arises out of that domestic relation. 2 Kent's Com. 192 ; *Cooper* v. *Martin*, above cited; *Stone* v. *Carr*, 3 Esp. R. 1 ; *Miller* v. *Miller*, 16 Ill. R. 296.

Here the evidence shows that the relation of parent and child was voluntarily assumed by the act of the parties, and there is no evidence of an express contract to pay for services, nor are there any facts in evidence from which such contract can be implied.

*Judgment affirmed.*