## George P. Chapman v. Chauncey L. Chapman.

1. PRESUMPTIONS—*Gratuitous Services.*—Where a merchant received his brother in his home as a visitor. and boarded and lodged him as a member of the family, and he performed various kinds of service in and about his brother's store and buildings, such as waiting on customers, etc., in the absence of an express agreement the law will indulge the presumption that what was done for each other by these two brothers was done gratuitously, and as the promptings of natural affection.

Assumpsit, for services. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

J. R. & WALTER EDEN, attorneys for appellant.

HARBAUGH & WHITAKER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The parties to this suit are brothers. Appellant is a hardware merchant at Sullivan, Illinois. Appellee is a resident of Dunlap, Iowa. Appellee visited his brother at Sullivan in February, 1898, and remained with him ten or eleven months. During his stay he performed various kinds of service in and about his brother's store and buildings, such as waiting on customers, marking goods, sweeping out, painting, etc. To recover therefor this suit was brought. It was defended upon the ground that the service was performed voluntarily and without intention to charge for the same, while appellee was a mere visitor at the house of appellant. There was a recovery for $208 in favor of appellee. If appellee was received in the home of appellant as a visitor and was there lodged and boarded as a member of the family, there could be no presumption that he intended to charge for what he did or be charged for what he received. In the absence of express agreement, the law, on the contrary, would indulge the presumption that what was done for each other by these two brothers

was done gratuitously, and as the promptings of natural affection. Miller v. Miller, 16 Ill. 296; Brush v. Blanchard, 18 Ill. 46; Faloon v. McIntire et al., 118 Ill. 292; Collar v. Patterson, 137 Ill. 403.

The first, second and third instructions for the plaintiff, in the light of the above cited authorities, are erroneous. One tells the jury that if the service performed was worth more than the board and lodging received, the plaintiff was entitled to recover the difference. The others allow a recovery in the absence of an express agreement if service was performed by the plaintiff at the request of the defendant.

For the error of the court in giving those instructions, the judgment will be reversed and the cause remanded.