### Noah B. McNemar v. Christian J. V. McNemar.

1. PARENT AND CHILD—*when implied contract does not arise between.* The relation existing between parent and child is of so intimate a character that the law never implies a contract to pay money either for support or services, and in the absence of an express promise to pay for the same no recovery can be had by one against the other. This rule applies as between an adopted child and an adoptive parent.

2. PARENT AND CHILD—*when natural parent cannot recover from adoptive parent for support of child.* A natural parent cannot recover from an adoptive parent for the care and support of a child while in his own home and custody.

McNemar v. McNemar.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

Stone & Oglevee, for appellant; Joseph W. Fifer, of counsel.

Welty, Sterling & Whitmore, for appellee.

Mr. Justice Ramsay delivered the opinion of the court.

Noah B. McNemar brought suit in the Circuit Court of McLean county against Christian J. W. McNemar to recover for the board, clothing and medical care of Leon R. McNemar. Upon conclusion of all the evidence offered by plaintiff there was a motion by defendant to instruct the jury to find the issues in favor of the said defendant, which motion the court sustained and directed a verdict accordingly. Judgment was rendered on such verdict and Noah B. McNemar appealed.

It apears from the evidence that appellant was the father of Leon R. McNemar, who at the time of his (Leon's) mother's death in 1897 was about three years of age; that appellant and his wife had separated although they were not divorced; that by the death of his mother, Leon was left in the custody of his grandmother, Margaret C. Barrett; that soon after the death of his wife appellant instituted *habeas corpus* proceedings against Mrs. Barrett to recover the possession of said Leon; that while said proceedings were still pending and when it was made to appear to appellant that he was going to fail in his attempt to recover the custody of Leon, appellee, appellant's father, offered to adopt Leon in regular form and that a legal adoption was shortly thereafter consummated to which appellant gave his consent and approval.

It further appears that following such adoption Leon became a member of appellee's family and lived with

him as such until October, 1901, when appellee's wife died. After that Leon lived with appellee and two of his sons until March 1, 1902, when appellee and Leon lived with a Mr. and Mrs. Dodson for a short time, after which appellee placed the boy in the care of his daughter (a Mrs. Patton) and her husband, with no apparent understanding as to how long he should remain there; that in 1899 appellant married a second time and began keeping house and in April, 1902, while Leon was still living with appellee and the Dodsons, wrote a letter to appellee which, appellee strongly contends, in effect asked appellee to return Leon to the custody of appellant. In September following Leon returned to live with his father, appellant, where he has since made his home.

It further appears that in September, 1903, after appellant had had the custody of Leon for about one year, he took the boy to appellee, who himself had remarried during the summer of 1903, and requested appellee to take Leon and provide for his going to school, to which request appellee replied that his wife was not able to care for the boy. Thereupon, with nothing further being said upon that subject, appellant retained the custody of Leon and sent him to school. Appellant brought this suit to recover from appellee upon the ground that since appellee had legally adopted Leon, he was liable for his board, clothing, etc., to appellant.

It is well settled in our state that the relation that exists between parent and child is of so intimate a character that the law never implies a contract to pay money either for support or services, and in the absence of an express promise to pay for the same no recovery can be had by one against the other. The law indulges the general presumption that what is done for each other by parties thus nearly related is done gratuitously and as the prompting of natural affection. Faloon v. McIntyre, 118 Ill. 292; Miller v. Miller, 16 Ill. 296; Brush v. Blanchard, 18 Ill. 46.

In Heffron v. Brown, 155 Ill. 327, the court quote with approval from Hall v. Finch, 29 Wis. 278, where it is said that the relation existing between parent and child, step-parent and step-child, brother and sister and the like raises a presumption that no payment or compensation was to be made and that this presumption can only be overcome by clear and unequivocal proof to the contrary; that the evidence must be clear, direct and positive that the relation between the parties was that of a debtor and creditor.

By analogy it would seem that no liability can be asserted by one of two persons against the other, each of whom sustains the same relation of parent to a child, for the child's support, unless there is proof of an express promise to pay.

The statute governing adoption in our state makes an adopted child the same as if he had been born of the adopting parents in lawful wedlock for the purpose of inheritance, yet such statute also provides that such parents by adoption shall take by descent from the child adopted, only such property as he may take through the adopting parents. The statute leaves the rights of inheritance between such adopted child and his natural parent the same as though no adoption had taken place as to all property not inherited or taken by the child from its adopting parents, and does not in terms or by implication attempt to relieve a natural parent from the duty he owes his child to care for and support him. The aim and purpose of the statute was not to destroy or impair the relation that exists between parent and child, but rather to preserve and continue it.

The relation of parent and child is not ended by the adoption, but fostered instead, and since the father is primarily liable for the support and care of his own child, we hold that the natural father cannot recover for the care and support of his child while in his own home and custody, against a parent by adoption, in the absence of an express agreement to pay.

In the case before us there is no claim made that appellee in any way or at any time promised appellant that he would pay for the board or care of Leon.

The judgment was right and is affirmed.

*Affirmed.*