BRAY, Appellant, *v.* COVE IRRIGATION DISTRICT et AL., Respondents.

(No. 6,546.)

(Submitted January 24, 1930.   Decided February 7, 1930.)

[284 Pac. 539.]

Mr. W. L. A. *Calder*, for Appellant, submitted a brief and argued the cause orally.

Messrs. *Johnston, Coleman & Jameson*, for Respondents, submitted a brief; *Mr. W. M. Johnston* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, H. O. Bray, has appealed from a judgment, on the merits and for costs, entered in favor of the defendants, the Cove Irrigation District and its commissioners, on a directed verdict.

The action was brought to recover for the damages sustained by reason of flood waters first accumulating in a coulee, dammed by the embankment supporting defendants' irrigation canal, and thereafter overflowing the embankment, destroying crops, depositing debris, and washing away soil from plaintiff's land. The defendants interposed a general demurrer to the complaint filed and, this being overruled, answered denying liability. The cause was tried to the court with a jury, but, at the conclusion of the taking of testimony, the court directed the jury to return a verdict for defendants, and, this being done, judgment was entered thereon. Plaintiff has appealed from the judgment.

1. Seven of plaintiff's assignments predicate error upon the sustaining of objections to questions propounded by his counsel to his witnesses. The first of these questions was later answered, and, if error was committed, it was nonprejudicial. The remaining questions referred to matters of damage and not at all to the determinative features of the case hereinafter discussed; they, therefore, require no consideration.

2. Five assignments are based on the admission of evidence for defendants, over the objection of plaintiff. These assignments require no consideration, as the case was taken from the jury. Evidence on behalf of the defendants, whether properly or improperly admitted, becomes immaterial, unless

it aids plaintiff, since, in considering the propriety of taking the case from the jury, the evidence is to be construed in the light most favorable to the plaintiff and every fact deemed established which it tends to prove. (*Awbery* v. *Schmidt*, 65 Mont. 265, 211 Pac. 346; *Grover* v. *Hines*, 66 Mont. 230, 213 Pac. 250.) Evidence on behalf of the defendants, contradicting that of plaintiff, is not to be considered. (*Collar* v. *Patterson*, 137 Ill. 403, 27 N. E. 604; *Mead* v. *Phenix Ins. Co.*, 158 Mass. 124, 32 N. E. 945.)

3. Before considering the evidence, however, we must determine the question of the sufficiency of plaintiff's complaint, as the judgment must be affirmed, regardless of the merits of plaintiff's claim, if the complaint, challenged by demurrer, fails to state facts sufficient to show a liability on the part of the defendants. (*Shober* v. *Blackford*, 46 Mont. 194, 127 Pac. 329.)

The record discloses that plaintiff's land lies in a small valley bordered on the east and west by foothills and narrowing to the north into a coulee; that for many years the defendants have maintained an irrigation canal which passes around plaintiff's land in the form of a horseshoe, with its opening to the south. Where the canal crosses the coulee north of plaintiff's land, the grade is maintained by an embankment pierced at the bottom of the coulee by a twenty-four-inch tile culvert, permitting water to flow under the embankment across plaintiff's land in a southerly direction. Without mention of this culvert, plaintiff alleges that the embankment was "so carelessly, negligently and unlawfully" constructed that it "interfered with and retarded the natural flow of the surface waters flowing through their natural outlet, channel or course" and because thereof, on August 11, 1926, "such waters were so dammed up that a great body of water was accumulated, gathered and held northerly of and upon the high side of said embankment and grade and a great volume thereof with great speed and force flowed over and upon" plaintiff's land. The damage done by the water is described with great particularity.

It will be noted that the attempt to allege negligence on the

part of the defendants refers solely to the construction and maintenance of the embankment and grade for the canal. There can be no question but that the irrigation company was expressly authorized to construct and maintain the embankment and grade for the canal by section 15 of Article III of the Constitution, and section 7110 of the Revised Codes of 1921, in effect since 1895, and "nothing which is done or maintained under express authority of a statute can be deemed a nuisance." (Sec. 8645, Rev. Codes 1921.) There was, therefore, no trespass or nuisance *per se,* and it follows that, if any duty was violated or the rights of the plaintiff infringed upon, it was because of the negligent construction or maintenance of the embankment.

The defendants are not insurers against damage, but can be held only for failure to exercise ordinary care in the construction and operation of their plant. (*Jeffers* v. *Montana Power Co.,* 68 Mont. 114, 217 Pac. 652.) Actionable negligence arises only from a breach of legal duty, and to state a cause of action for damages resulting from negligence it is necessary that the complaint disclose the duty, the breach and the resulting damages. Facts, and not legal conclusions, must be stated, and the complaint must set forth sufficient facts from which it can be said, as a matter of law, that the defendant owed to the injured party a duty arising from some legal relation existing at the time of the injury (*Fusselman* v. *Yellowstone Valley L. & Irr. Co.,* 53 Mont. 254, Ann. Cas. 1918B, 420, 163 Pac. 473; *Billings Realty Co.* v. *Big Ditch Co.,* 43 Mont. 251, 115 Pac. 828); and whether there is a sufficient charge of negligence must be determined from the facts alleged, and not from the use of the term "negligently and carelessly" or similar expressions. (*Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890.)

Under these well-established rules governing in such cases, it is clear that the complaint does not state facts sufficient to show liability on the part of the defendants. It is not alleged therein that by reason of faulty construction or lack of care the embankment broke, and, in fact, it did not. While it was the duty of the defendants to provide a means for taking care of

water which might flow down the coulee, it is not alleged that failure to perform this duty caused the damage complained of.

However, much of plaintiff's testimony was admitted without objection and, therefore, the complaint may be deemed amended to conform thereto. Plaintiff's efforts were directed principally to proof of damage, and only incidentally is mention made of the embankment and the culvert. The following discussion contains the gist of all evidence adduced even remotely tending to charge negligence on the part of the defendants.

The plaintiff expressed the opinion that "if this embankment were not there the escaping water would affect the land east of the road very nearly as much as it did this time, but did not affect the land a particle where the garden and orchard was. There is sufficient watercourse or ravine to carry off twice the water that came down"; and further, that "if there had been no embankment across this coulee all of that water would have come right down that coulee but it would not have washed the rock and gravel over my land along the side of the low part of the coulee." "They made the embankment so high it shoved the surface water right up there on my land." These statements are but the expression of the plaintiff's opinions or conclusions, with no statement of facts in support thereof. "Mere conclusions of an unskilled witness possess no probative value." (22 C. J. 733.) The defendants were within their rights in maintaining the embankment, and the height to which it was erected does not tend to prove negligence in its construction.

Evidence on behalf of plaintiff shows that the cloudburst which caused the inundation was so terrific that the volume of water coming down the coulee carried an automobile and a stove down to the embankment; the volume of water was so great that the two-foot culvert would not accommodate it; yet the embankment did not break; instead, the water rose to above the level of the canal and overflowed on to plaintiff's land below.

With reference to the culvert, the plaintiff, when first on the stand, merely testified: "The culvert under the embankment, shown on the map, is twenty-four inch tile. The culvert has been in about four years; there was a different culvert in prior to that time." He was later recalled and testified: "I talked with some persons about this culvert and syphon under the embankment not being large enough for the drainage there—when they were putting it in—I told them it was not large enough, that the other one was three and a half or four feet and it did not carry the water; that it went over the bank when the banks were in better shape than they were then." This testimony tends to show knowledge on the part of defendants on which to base liability, if, in fact, the culvert was shown to be insufficient, but again, as to the sufficiency of the culvert, we have but the conclusion of an unskilled witness.

The plaintiff did not pretend to be an expert; he was not present at the time of the cloudburst and did not intimate that he even knew how much water fell or how fast it fell; nor did he attempt to estimate how much water the coulee at "its low part" would carry.

No expert was called to show, by reference to the topography of the country and the record of the amount of water which might reasonably be expected to flow down the coulee, the size of culvert which ordinary prudence and good engineering required. The only expert testimony adduced was that of a city engineer, who admitted that he had little experience in irrigation matters, but who suggested that "it is good practice to put in some kind of grating to check debris before it lodged in the siphon or culvert." He did not intimate that there was any question as to the sufficiency of the culvert, if unobstructed, and there is nothing in the record to indicate that damage resulted by reason of the failure to place grating at the intake of the culvert.

Clearly, there was not sufficient competent evidence to establish a legal duty owing to plaintiff by defendants and a breach thereof, and, even considering the complaint amended to con-

form to the proof, no case was made requiring submission to the jury.

Nor was plaintiff's case aided by defendants' proof; this showed an unprecedented flood caused by cloudburst of such proportions as to be properly designated as an ''act of God.''

The court did not err in instructing the jury to return a verdict in favor of defendants. Judgment affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Angstman concur.