NEWMAN ET AL., APPELLANTS, *v.* BITTER ROOT IRRIGA-
TION DISTRICT, RESPONDENT.

(No. 7,154.)

(Submitted November 23, 1933. Decided December 15, 1933.)

[28 Pac. (2d) 195.]

522

*Mr. J. D. Taylor* and *Mr. E. C. Kurtz,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. O'Hara, Madeen & Grant* and *Messrs. Murphy & Whitlock,* of Counsel, for Respondent, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiffs from a judgment of nonsuit. The action is one to recover damages for injury to land and crops as the result of alleged negligence on the part of defendant in the construction and maintenance of its irrigation canal. The trial court, in sustaining the motion for nonsuit, ruled that the complaint was insufficient to state a cause of action. The sufficiency of the complaint was first challenged by demurrer and again by objection to the introduction of evidence. We shall, therefore, first consider the sufficiency of the complaint.

In general, it alleges that plaintiffs are the owners of 56 acres of described land situated in Ravalli county; that defendant is the owner of an irrigation canal used to convey water for irrigation and other purposes on lands lying north of the land of plaintiffs; that the canal runs in a northerly direction on the east side of, and on a hillside about 100 feet higher than, plaintiffs' land; that the canal is constructed of porous rock, sand, and gravel; that the flow of water in the canal for several

seasons has saturated the bottom and west wall of the canal so that it is subject to slides; that the west bank for several months prior to May 13, 1922, was wholly inadequate to support the waters flowing therein; that waters seeped through the west wall and the bottom of the canal and weakened it, causing slides and cuts, and making the canal unsafe as a means of carrying water; that the defendant knew, or by the exercise of ordinary care would have known, of its condition, but failed and neglected to repair it, and failed and neglected to strengthen the west wall and bottom of the canal, and in consequence, on May 13, 1932, the west bank or wall broke at a point immediately east of plaintiffs' land, permitting the water of the canal to flow over and across their land, causing gravel and debris to be deposited on, and causing a deep gulch to be washed in, plaintiffs' land. The damages are set out in detail.

It is contended by defendant that the complaint is insufficient for want of an allegation that the porous rock, sand and gravel were or are unsuitable as materials for the construction of a canal. This contention overlooks the allegations to the effect that, to the knowledge of defendant, actual or constructive, the west wall and bottom of the canal had become weakened by seepage, causing slides and cuts at and near the point where the break occurred, and the canal had become unsuitable and unsafe as a means of conveying water, and that defendant had neglected and failed to repair it or to strengthen its west wall and bottom.

The complaint states facts sufficient to constitute a cause of action within the rules announced in *Watts* v. *Billings Bench Water Assn.*, 78 Mont. 199, 253 Pac. 260, if an irrigation district may be liable for its negligence—a point upon which counsel for the respective parties take divergent views. It is alleged in the complaint that defendant is a public corporation; it is so designated by statute. (Sec. 7169, Rev. Codes 1921.) In *Crow Creek Irr. Dist.* v. *Crittenden*, 71 Mont. 66, 227 Pac. 63, 64, this court said: "An irrigation district is a public corporation organized for the government of a portion of the state

and for the promotion of the public welfare. It exercises essential governmental functions, and one of its principal officers is the county treasurer. It may not expend its funds without the approval of public officers, and the interest on its bonds is not subject to the federal income tax laws. So far as it was possible to do so the legislature has emphasized its public character and expressed an intention that it shall be relieved of the ordinary burdens which are imposed upon private enterprises.''

Because of this holding that an irrigation district exercises ■ governmental functions, it is contended by defendant that it is not liable in tort. In the later case of *Thaanum* v. *Bynum Irr. Dist.,* 72 Mont. 221, 232 Pac. 528, this court held that an irrigation district is neither the state nor a subdivision thereof, within the meaning of section 1, Article XIII, of our Constitution. In *Buffalo Rapids Irr. Dist.* v. *Colleran,* 85 Mont. 466, 279 Pac. 369, 373, we said: ''Irrigation districts are not created with a view to benefit the state or to organize a corporation for the discharge of governmental functions in addition to, or in aid of, the usual governmental departments or agencies, but in order to promote the material prosperity of the few owning property within their boundaries just as truly as are manufacturing plants established or mines and oil wells developed.''

The Idaho supreme court has given irrigation districts about the same characterization. (*Lewiston Orchards Irr. Dist.* v. *Gilmore,* 53 Idaho, ——, 23 Pac. (2d) 720.)

In *Bray* v. *Cove Irr. Dist.,* 86 Mont. 562, 284 Pac. 539, liability of an irrigation district for negligence was assumed, but the question here presented was not raised. Whatever the rule may be as to liability for negligence in other respects, it is well settled by the authorities that the construction and operation of an irrigation canal are proprietary, as distinguished from governmental, functions, and that an irrigation district is liable for negligence in such construction and operation. (*Stephenson* v. *Irrigation Dist.,* 49 Idaho, 189, 288 Pac. 421, 69 A. L. R. 1225, and cases cited in note on page 1232 et seq.) Other cases where liability for negligence in these particulars was assumed without the question being raised as to the public

character of the irrigation district, are the following: *Edmonds v. Glenn-Colusa Irr. Dist.*, 217 Cal. 436, 19 Pac. (2d) 502; *Wichita County Water Imp. Dist. No. 1 v. Pearce*, (Tex. Civ. App.) 59 S. W. (2d) 183.

Defendant is liable for damages due to its negligence, if proved, in the construction and maintenance of its irrigation canal, and the complaint states facts sufficient to constitute a cause of action.

Defendant also contends that it was proper to sustain the motion for nonsuit because the evidence was insufficient to make out a prima facie case of negligence. The evidence discloses that defendant's canal runs parallel to another ditch known as the Ward ditch. The latter ditch is about 200 feet west of and on a lower level than the defendant's canal. The west bank of the Ward ditch is the east boundary of plaintiffs' land. There is irrigated land east of the canal. East of plaintiffs' land, and between it and the canal, slides occurred continually from seepage during several years preceding the time of the trial, and nothing was done to repair it. The seepage was about 50 feet or more from the canal. Plaintiff testified that he had a conversation, after May 13, 1932, with Mr. Wilcox, one of the agents of defendant. Mr. Wilcox was shown to be the ditch rider of defendant who was looking after the ditch. Plaintiff testified that during this conversation, Wilcox told him, in substance, that the seepage had been increasing at the places where it finally caused the ditch to give way, and that he warned the defendant corporation's engineer, Mr. Hogens, about it. Had timely and proper objection been made, it is doubtful whether this declaration should have been received in evidence. (22 C. J. 379, but see *Schumann v. Mealiff*, 178 Ill. App. 254, where it was held that such evidence was admissible to show knowledge.) We do not pass upon the admissibility of this declaration, since it is not urged here and may not arise upon another trial. Without this declaration, plaintiffs' evidence showed that the condition of the seepage and slides was so continuous and of such long standing, and in such close

proximity to defendant's ditch, that it was for the jury to say whether the defendant would be chargeable with constructive notice of the seepage and its likelihood of causing the ditch to give way.

The evidence further showed that the seepage occurred only when there was water in the canal; that on May 13, 1932, the bottom of the ditch gave way. The plaintiff, in describing what he saw shortly after the break, said: "It looked like the bottom fell right out of it. The water went west. With reference to the west bank of the ditch, the water went right under; it went right under the wall." On cross-examination he said: "The center of the ditch fell out and came out under the bank. * * * There was a big hole right in the bottom of the ditch. That was not caused by the water in the ditch flowing out through the cut; the water in the ditch went right through after the bottom fell out. The west bank of the ditch did not slide out before any water came out there. There was an arch right over the water first; there was an arch over the water at the time that I first observed it; but the west bank of the ditch was cut before I got up there."

Defendant contends that, since plaintiffs' evidence shows that the seepage causing the slides prior to May 13 was fifty feet or more from the west bank of its canal and not from the banks or bottom thereof, it does not show that the seepage came from its canal. As above noted, it was shown that the seepage appeared only when there was water in defendant's canal. There was none before defendant's canal was constructed and none until water was turned into it. These circumstances were sufficient to go to the jury on the question as to where the seepage came from. Defendant alleges in its answer that it came from the irrigated lands to the east. If it can produce evidence to that effect, the question becomes one of fact for the jury. Plaintiffs produced sufficient circumstantial evidence to show that it came from defendant's canal to make of it a jury question.

The only other question raised is that plaintiffs did not allege or prove that a claim was presented to defendant before

the action was brought. There is no merit in the contention that a claim must be presented under our statutes.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.