177 P.2d 219

**SOUTHWESTERN COCA COLA BOT-
TLING CO. v. NORTHERN.**

No. 4895.

Supreme Court of Arizona.

Jan, 27, 1947.

Jennings, Salmon & Trask, of Phoenix, for appellant.

V. L. Hash, of Phoenix, for appellee.

LaPRADE, Justice.

Appellee, plaintiff below, recovered a judgment at the hands of a jury against the appellant in the sum of $500. In his complaint he alleged that he had become poisoned and sick and had suffered great discomfort and nausea after having partially consumed a bottle of coca cola in which it was charged there was a deleterious foreign substance in the nature of decomposed flesh. Specifically the complaint charged:

"That the defendant corporation is engaged in the manufacture, making, bottling and selling to the general public through retail merchants of a beverage known and called coca cola and that the defendant represents the said beverages to refreshing, delicious and harmless drink and an appeti-zing drink to be sold to the public through retail merchants.

"That on or about the 21st day of June, 1945, the plaintiff bought from a store known as Simpsons Market in Phoenix, Arizona, a bottle of coca cola manufactured, bottled and sold by the aforesaid defendant and paid therefor the required purchase price.

"That the said defendant corporation warranted to the general public and more particularly to this plaintiff that the aforesaid coca cola was a highly refreshing and harmless drink and fit to be drunk and that plaintiff paid to the retail merchant the purchase price therefor and drank and swallowed into his stomach the larger part of the said coca cola when he discovered that the said bottle of coca cola contained decomposed flesh and foreign animal matter and filthy and deleterious substances, and part of which plaintiff drank into his stomach and became poisoned therewith and became sick and suffered great discomfort and nausea and was compelled to be treated by a doctor for the condition caused by drinking the aforesaid coca cola and the deleterious substances contained in the aforesaid coca cola, all to his damage in the sum of One Thousand Dollars ($1,-000.00)."

Plaintiff also alleged that "by reason of the breach of the warranty and by reason of the wanton negligence and carelessness of the defendant, plaintiff is entitled to punitive damages in the sum of $1,500."

The plaintiff testified that he purchased the bottle of coca cola from a retailer who, in turn, had purchased it from appellant. Plaintiff further testified that he had partially consumed the bottle in the presence of the retailer and a friend when he swallowed something thick and slimy; that this caused him to vomit; and that the substance regurgitated looked like decomposed hamburger or flesh. This testimony was corroborated by the retailer and another witness. Plaintiff testified that he became sick, nauseated, and bloated. Appellant's two assignments of error are as follows:

"I. The court erred in refusing to grant a new trial after judgment where there was no evidence to sustain the verdict.

"II. The court erred in refusing to grant a new trial where the damages were excessive."

In the reference to appellant's first assignment of error it is asserted that the complaint does not contain any "direct allegation of negligence." It is true that plaintiff did not designate the acts of defendant as "negligent" or "careless" in pleading his cause of action for general damages. In his prayer for punitive damages he said that "by reason of the warranty and by reason of the wanton negligence and carelessness of defendant, plaintiff is entitled to punitive damages," etc. The facts in our case of Eisenbeiss v. Payne, 42 Ariz. 262, 25 P.2d 162, 164, are for all intents and purposes identical with the facts in the instant case. In that case this court in a thorough and informative opinion laid down the law as to what must be pleaded and proved. That case demonstrates that the doctrine of res ipsa loquitur is applicable to the fact situation here. Plaintiff was not' required to allege or prove any specific acts of negligence. In the Eisenbeiss case, we pointed out that where an article such as coca cola is manufactured by defendant under its full supervision and control, plaintiff was in no position to know what caused the deleterious substance to be in the bottle. We also pointed out that it is sufficient for the plaintiff to allege the facts from which "The duty of defendant springs, the neglect of that duty, and the resulting injury, * * *." In the instant case plaintiff alleged and proved (1) that the bottle of coca cola was manufactured under the exclusive control of defendant, and (2) that defendant warranted to the general public that the drink was highly refreshing and harmless. This allegation sufficiently pleads the duty of defendant. Eisenbeiss v. Payne, supra. In pleading that the bottle contained a deleterious substance he sufficiently pleaded a breach of the duty, and he pleaded and proved injury. He correctly pleaded the ultimate facts. To have termed them as "negligent" or "careless" would have been a mere conclusion, though permissible. The rule applicable for correctly stating a cause of action based on negligence is correctly and succinctly set forth in Bray v. Cove Irr. Dist., 86 Mont. 562, 284 P. 539, 540, where it is said:

" * * * Actionable negligence arises only from a breach of legal duty, and to state a cause of action for damages resulting from negligence it is necessary that the complaint disclose the duty, the breach, and the resulting damages. Facts, and not legal conclusions, must be stated, and the complaint must set forth sufficient facts from which it can be said, as a matter of law, that the defendant owed to the injured party a duty arising from some legal relation existing at the time of the injury (Fusselman v. Yellowstone Valley L. & Irr. Co., 53 Mont. 254, 163 P. 473, Ann. Cas.1918B, 420; Billings Realty Co. v. Big Ditch Co., 43 Mont. 251, 115 P. 828); and whether there is a sufficient charge of negligence must be determined from the facts alleged, and not from the use of the terms 'negligently and carelessly' or similar expressions. Surman v. Cruse, 57 Mont. 253, 187 P. 890."

The court instructed the jury that before plaintiff could recover he must prove an act of negligence, a resulting injury, and that the act of negligence was the proximate cause of the injury. The court then specifically charged the jury as follows: " * * * If a preponderance of the evidence does not show that the defendant company negligently permitted this foreign substance to be in the beverage, the coca cola, or the preponderance of the evidence does not show that the plaintiff consumed the same and suffered damage thereby, why, it will be your duty to return a verdict for the defendant."

We think that appellant is in error in asserting that this instruction required the jury to find an act of specific negligence. It argues that the court having required the jury to find specific negligence plaintiff was not entitled to recover because its evidence showed a meticulous care in the cleansing and sterilization of the empty bottles and filling them with the beverage in question. Plaintiff did not attempt to contradict defendant's testimony as to its method of washing, steaming, inspection of bottles, and bottling of the beverage. He relied on the one fact from which the presumption of negligence arises; i. e., that the bottle of coca cola he bought and consumed contained decomposed animal matter; that it was manufactured and bottled under the sole direction and management of defendant; that in the ordinary course of things beverages do not contain poisonous or deleterious substances; and that he suffered injury therefrom. We do not believe that the instruction is susceptible to the interpretation placed upon it by appellant. The court did not require the jury to find an act of specific negligence. It merely required the jury to find that defendant negligently permitted the foreign substance to be in the beverage. If the instruction is susceptible to the interpretation placed upon it by appellant then the instruction is erroneous and required plaintiff to assume a burden that in law he was not compelled to asssume, and of which appellant cannot be heard to complain.

Applying the res ipsa loquitur doctrine to the fact situation here, the presumption arises that defendant was guilty of negligence, and in the absence of proof to overcome the presumption plaintiff was entitled to recover. 13 C.J.S., Carriers, § 764, p. 1448. This being a typical res ipsa loquitur case the jury by its verdict concluded that defendant had not rebutted the presumption of negligence standing against it. Sawyer v. People's Freight Lines, Inc., 42 Ariz. 145, 22 P.2d 1080; Pickwick Stages Corp. v. Messinger, 44 Ariz. 174, 36 P.2d 168. The damages were not excessive for the reasons pointed out in the Eisenbeiss case, supra.

There being no error in the record, the judgment is affirmed.

STANFORD, C. J., and UDALL, J., concur.